OPINION OF THE COURT
Marvin E. Segal, J.
The defendant moved to dismiss the information pursuant to CPL 170.35 (1). This case raises the novel issue of the scope of the crime of aggravated harassment in the second degree as defined in Penal Law § 240.30 (1).
Penal Law § 240.30 (1) states, in pertinent part:
"A person is guilty of aggravated harassment in the second *697 degree when, with intent to harass, annoy, threaten or alarm another person, he:
"1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm”.
The defendant is charged with violating the statute by telephoning a person and making threats to injure a third party. Specifically, the information alleges that the defendant telephoned the complainant. During the phone conversation with the complainant the defendant allegedly threatened to acquire a gun, and shoot a social service employee, whom she named. The defendant contends that if she calls the complainant and, during such conversation, threatens to injure a third party, the statute is not violated because the defendant did not communicate her threat directly to the third party. The court finds that the defendant’s conduct of telephoning a person and threatening a third party falls within the ambit of Penal Law § 240.30 (1).
The present statute is derived from Penal Law of 1909 §§ 551 and 555. Under Penal Law of 1909 § 551, it was illegal to send any letter "threatening to do any unlawful injury to the person or property of another”. The case law does not appear to deal with those situations in which direct threats were made. (See, People v Roban, 45 NYS2d 213 [Magis Ct, Wash Hgts 1943]; People ex rel. Lesniak v Mikulski, 146 NYS 829 [Magis Ct, NY City 1914].) Instead, the cases concentrate on whether said letter actually reached its target. In Mikulski, the court suggested that as long as the letter was sent with the requisite intent to annoy, it was not essential that the threat be directed against the person to whom the letter was mailed. (146 NYS, supra, at 832 [dicta].)
The second section upon which the present statute is derived is Penal Law of 1909 § 555, which prohibited the making of telephone calls to threaten to commit a crime against the person called "or any other person”. In enacting this statute, the Legislature explicitly expressed its intent to prohibit a person from making threats against a third party by his statements to another party.
It is clear that the present statute is substantially broader than its two predecessors. (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at *698 309.) The present statute is not limited to threats to commit a crime but proscribes all communication made in a manner likely to cause annoyance or alarm. Moreover, the present statute does not require that the subject of the communication be the same person to whom the communication is made. Instead, the statute speaks in general terms about a defendant’s intent to harass, etc., "another person” and refers to a communication "with a person” (Penal Law § 240.30 [1]; emphasis added). The Legislature could have limited the scope of the statute to the subject of the communication, but chose not to do so. This court recognizes the broad scope of the statute and concludes that the defendant’s acts fall within the conduct the Legislature intended to prohibit in its enactment of Penal Law § 240.30 (1).
Furthermore, the court finds that the information charged the specific intent required by Penal Law § 240.30 (1). Accordingly, for the reasons set forth above, the defendant’s motion to dismiss the information is denied.