OPINION OF THE COURT
Per Curiam.
Order entered January 12, 1999 reversed, on the law, the accusatory instrument is reinstated, and the matter remanded to Criminal Court for further proceedings.
The order of dismissal summarily issued by the arraignment court was procedurally flawed since, so far as shown during the brief colloquy preceding the court’s action, any perceived defect in the accusatory instrument could be remedied by appropriate amendment (see, CPL 140.45; People v Gonzalez, 184 Misc 2d 262, lv denied 95 NY2d 835). Nor was the dismissal order authorized under CPL 170.30 (1), which permits a local criminal court to dismiss an accusatory instrument only “[a]fter arraignment” upon the defendant’s formal motion (see, CPL 210.45, 170.45; People v Parker, 223 AD2d 179, 182, lv denied 89 NY2d 927).
On the merits, the misdemeanor complaint sufficiently set forth the factual basis for the charge of obstructing governmental administration in the second degree (Penal Law § 195.05) by alleging, inter alia, that defendant approached two undercover police officers who were engaged in a narcotics “buy and bust” operation and told the deponent police officer that he knew the officer was a “cop”; that defendant, “while in close proximity to their faces,” told both officers to “go home because you will get hurt if you stay here any longer, I am going to let them know”; and that defendant then “walked down the street, stopping to talk to two individuals and pointing out [the two officers] to the individuals.” The misdemeanor complaint thus contained “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” to believe the defendant committed the crime charged (CPL 100.40 [4] [b]; see, Matter of Davan L., 91 NY2d 88; Matter of Michael C., 264 AD2d 842; cf., People v Case, 42 NY2d 98). Analogous to the factual scenario presented in Matter of Davan L. (91 NY2d 88, 92, supra), the defendant herein was charged with “interrelated conduct” in the form of “actions coupled with words” tending to establish the defendant’s intent to “intrude * * * himself into *707 [a confined] area of police activity and [to] direct * * * his warnings toward a [suspected] criminal activity and assembly” {id., at 91). Such conduct “fits within the originally promulgated and contemplated specifications of Penal Law § 195.05.” (Id., at 92.)
We note finally that the People are authorized to appeal as a matter of right to an intermediate appellate court from an order, such as the one issued below, which terminates the prosecution (see, CPL 450.20 [1]; People v Coppa, 45 NY2d 244, 249). Subject only to constitutional double jeopardy restrictions not here implicated (cf., People v Brown, 40 NY2d 381), the People are entitled to “at least one appeal when a motion to dismiss the [accusatory instrument] is granted on any ground” (People v Coppa, supra, 45 NY2d, at 250).
McCooe, J. P., Gangel-Jacob and Suarez, JJ., concur.