OPINION OF THE COURT
Arthur M. Schack, J.
Defendant is charged with violating Correction Law § 168-f *557 (4) (failure to report change of address as sex offender), part of the New York State Sex Offender Registration Act, commonly referred to as “Megan’s Law,” for failure as a sex offender to report an address change. The defendant pleaded guilty on December 16, 1996 to sexual abuse in the first degree (Penal Law § 130.65 [3]). He moves to dismiss the information alleging that it is facially insufficient pursuant to CPL 170.35 (1) (a); 100.40 (1) (a) and 100.15 (3). Defendant also moves in the alternative for a bill of particulars, discovery, to suppress statements and an identification, and a Sandoval/Molineaux ruling.
Defendant’s motion to dismiss for facial insufficiency for an alleged Correction Law § 168-f (4) violation is apparently an issue of first impression. The issue before the court is whether a prima facie case for violation of Correction Law § 168-f (4) has been established when a defendant, who was convicted for violation of Penal Law § 130.65 (3) in Supreme Court, Richmond County, and assessed as a level II sex offender, failed to register within 10 calendar days his address change. This court finds that the People have failed to establish a prima facie case and therefore grant defendant’s motion to dismiss.
Factual Allegations
The defendant was arrested on May 31, 2001, at about 7:45 a.m. inside Apartment No. IB, 945 Post Avenue, Staten Island. The deponent in the misdemeanor complaint, Police Officer Maksimowich of the Staten Island Warrant Squad, states that based upon his own investigation:
“the defendant who was convicted of PL § 130.65 (3) in the Supreme Court in Richmond County and was thereafter assess [sic] to be a level II Sex Offender did fail to report his change of address to the Monitoring Unit as required, in that on October 10, 2001, the defendant did register 1631 Castleton Avenue as his residence but that said defendant did move to 945 Post Avenue Apt. #lb [sic] without reporting the move to the Monitoring Unit. Deponent further states that upon arrest, the defendant did state in sum and substance: After I ran from parole, I lived at 1637 Castleton Avenue but I now live at 945 Post Avenue.
“Deponent further states that the defendant is aware of the notification requirement because the defendant did sign the sex offender notice of registration form and said form requires the defen *558 dant to register with the monitoring unit within ten days prior to any change of address.” (Emphasis added.)
Facial Sufficiency
For an information to be jurisdictionally effective, the factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3].)
Further, for an information to be sufficient on its face, the allegations of the factual part of the information, together with those of any supporting depositions, must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the instrument. (CPL 100.40 [1] [b].)
Nonhearsay allegations of the factual part of the information and/or of any supporting depositions must establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c].) The prima facie case standard also requires, if uncontradicted, that the allegations would support a conviction of the offense charged. (People v Alejandro, 70 NY2d 133 [1987].) An information which fulfills these requirements is facially sufficient.
The pertinent language of Correction Law § 168-f (4) reads “Any sex offender shall register with the division within ten calendar days prior to any change of address.” “Division” is defined in Correction Law § 168-a (5) as “the division of criminal justice services as defined by section eight hundred thirty seven of the executive law” (hereinafter DCJS).
As a level II sex offender, the defendant is not required to submit any information directly with the sex offender monitoring unit of the local law enforcement agency. Only level III sex offenders must do so, every 90 days, pursuant to Correction Law § 168-f (3). Any change of address form from the defendant, pursuant to the statute, would be submitted directly with DCJS in Albany, New York, as well as with the local law enforcement agency. The alleged information before the court, with the relevant allegations recited above, does not set forth the date the defendant purportedly changed his address, thus rendering the complaint defective. (People v Manson, 173 Misc 2d 806 [Crim Ct, NY County 1997].)
Additionally, while the monitoring unit would be able to check registration information with DCJS, the information fails to allege that this is the basis of the monitoring unit’s *559 information. Further, the information fails to state with whom the arresting officer spoke to in the Monitoring Unit or what DCJS documents, if any, were reviewed. Thus, the complaint contains hearsay and has not been properly converted. Following the reasoning in People v Manson (supra, at 815) there is no allegation that would establish how Police Officer Maksimowich came to conclude that the defendant had not reported his address change. (See, People v Alejandro, supra, at 137.) This is analogous to the need for a New York State Department of Motor Vehicles (hereinafter DMV) abstract to convert alleged violations of Vehicle and Traffic Law § 511 for aggravated unlicensed operation of a motor vehicle to an information. The deponent police officer’s allegation that the defendant was operating a motor vehicle with a suspended license, based upon a check of DMV records, is hearsay until the certified DMV abstract corroborates the allegations and converts the Vehicle and Traffic Law § 511 complaint to an information.
Further, an information is intended to give a defendant actual notice of the alleged crime he is charged with and the factual allegations to support these charges, allowing the defendant an opportunity to prepare for trial and prevent double jeopardy. (People v McGuire, 5 NY2d 523, 526 [1959].) The alleged information in the instant case does not provide the defendant with sufficient notice.
Lastly, defendant Armfield is prosecuted for not reporting an address change subsequent to the date specified in the complaint, October 10, 2001, a date for which the defendant could not have registered his residence change because it is in the future! The People, in opposition to defendant’s motion, cite People v Love (306 NY 18, 23 [1953]) for the well-known quote, that prosecutors use many times in opposition to motions to dismiss for facial insufficiency, “[h]owever awkwardly an information may be drawn, if it charges an offense known to the law and states acts done by the accused that constitute it, that will be sufficient.” In the instant case, the accusatory instrument falls below even Love’s minimal threshold standards for facial sufficiency. In Love, the sentence prior to the one quoted by the People states “All that is necessary is that the information shall state the crime charged with such accuracy that the defendant may know the offense which it is claimed he has committed.” The defendant has not received any notice of the date he should have reported his address change, other than that it is in the future. This is an impossibility.
*560 Conclusion
Because of the above gross error with the alleged future date of the Correction Law § 168-f (4) violation, the failure of the complaint to state the 10 calendar days delineating the address change, and the failure to properly convert the complaint to an information, the court holds that a prima facie case has not been made and the defendant’s motion to dismiss for facial insufficiency is granted.
Defendant’s other motions and demands for discovery and a bill of particulars are moot.