OPINION OF THE COURT
Timothy J. Dufficy, J.
Defendant is charged with violating Penal Law § 265.01 (1), criminal possession of a weapon in the fourth degree, Vehicle and Traffic Law § 1192 (3), operating a motor vehicle while intoxicated, and Administrative Code of the City of New York *830 § 10-306 (d), possession of ammunition. In a motion filed on September 4, 2003, defendant seeks dismissal of count one and count three of the accusatory instrument as facially insufficient pursuant to CPL 170.30 and 170.35, and on the grounds that the accusatory instrument is defective because it fails to allege facts supporting all of the elements of the offenses charged pursuant to CPL 100.40. At the appearance on Septembbr 30, 2003 the defense expressly withdrew their challenge to the facial sufficiency of count one of the complaint criminal possession of a weapon and renewed their objection to the charge of, possession of ammunition. The court finds that the People haVe failed to state an essential element of the crime charged, in that the People fail to state the weapon is a “semiautomatic” shotgun (Penal Law § 265.00 [22] [b]). Thus, that portion of the complaint is jurisdictionally defective. (CPL 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987].) An information’s failure to allege an element of the offense charged is a nonwaivable jurisdictional defect. (See, People v Casey, 95 NY2d 354 [2000].) The People have until the statutory period provided by CPL 30.30 to correct said defect. It should also be noted that when a statute contains exceptions there is case law holding that the exceptions should be pleaded within the accusatory instrument. (See, Penal Law § 265.00 [22] [e]; People v Rodriguez, 68 NY2d 674 [1986]; People v Feller, 191 Misc 2d 390 [2002].)
Motion to Dismiss as Facially Insufficient
Defendant’s motion seeking to dismiss the third count of the accusatory instrument, possession of ammunition, pursuant to CPL 170.30, 170.35 and 100.40 is denied. “The factual part of a misdemeanor complaint must allege ‘facts of an evidentiary character’ (CPL 100.15 [3]) demonstrating ‘reasonable cause’ to believe the defendant committed the crime charged (QPL 100.40 [4] [b])” (People v Dumas, 68 NY2d 729, 731 [1986]). cjPL 100.40 states in relevant part,
“[a]n information, or a count thereof, is sufficient on its face when: ,
“(a) It substantially conforms to the requirem|ents prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and ,
“(c) Non-hearsay allegations of the factual part of *831 the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” (See also, People v Alejandro, 70 NY2d 133 [1987].)
Count three of the complaint charges defendant with violating Administrative Code of the City of New York § 10-306 (d), possession of ammunition. Said section states in relevant part, “It shall be unlawful for any person who is required to have a permit in order to possess a rifle or a shotgun and who has not been issued such permit to possess rifle or shotgun ammunition . . . .” The misdemeanor complaint is sworn to by the police officer, deponent, who states “that the defendant did possess two quantities of ammunition for said shotgun, in that the defendant did possess seven 12 gauge shot shells.”
The defense argues that since there is no ballistics report that indicates that the alleged ammunition was found to be operable, this count is insufficient on its face, and has never been converted to an information. However, the ballistics report of the shotgun shows it was operable and shows evidence of discharge. This shotgun was allegedly loaded with two shotgun shells at the time of defendant’s arrest. The People argue that there is no requirement that the People allege that the ammunition is live or operable.
In the complaint the deponent police officer stated “that the defendant did possess two quantities of ammunition for said shotgun, in that the defendant did possess seven 12 gauge shot shells.” Although these statements are allegations of an evidentiary character sufficient to support the requirements of a complaint (see CPL 100.15; People v Dumas, 68 NY2d 729 [1986]), ammunition as proscribed by the Administrative Code is defined in relevant part as “[e]xplosives suitable to be fired” (Administrative Code § 10-301 [7]). To rise to the level of an information each and every element of the offense charged must be supported by nonhearsay. (See, CPL 100.40; People v Alejandro, 70 NY2d 133 [1987].) An essential element of the crime charged is that the ammunition is “suitable to be fired.” In order to determine that said ammunition is “suitable to be fired” the People must have the ammunition tested, attach a ballistics report or attach an eyewitness statement that he observed the ammunition being fired. In order for the prosecution to be ready for trial in cases where defendant is charged with possession of a loaded firearm the prosecution must test the ammunition to see if it was live or operable (People v Daniels, 77 AD2d 745 *832 [1980]; People v Almodovar, NYLJ, Feb. 26, 1999, át 25, col 5 [Grim Ct, Kings County, Torres, J.]).
This court extends this logic to a defendant charged with possession of ammunition in violation of Administrativej Code § 10-306 (d) and holds that in order for the complaint to be converted into an information the prosecution must demonstrate that the ammunition is suitable to be fired. The People also have within the speedy trial limits under CPL 30.30 to convert t!his portion of the complaint into an information (People v Gore, 143 Misc 2d 106 [1989]).