OPINION OF THE COURT
Joseph A. Zayas, J.
The defendant, an alleged sex offender, is charged with two violations of the Sexual Offender Registration Act (SORA). Specifically, he is alleged to have violated Correction Law § 168-f (2) (c) (failure to register annually as a sex offender) and Correction Law § 168-f (4) (failure to register 10 days after a change of address). Defendant moves to dismiss the charges pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) on the ground that the accusatory instrument is defective.
Defendant’s motion raises important questions regarding (a) the threshold factual and nonhearsay allegations required in accusatory instruments charging SORA offenses, and (b) the procedural remedy which is required or available to the court in light of CPL 170.35 (1) (a), 100.50 (1) and People v Casey (95 NY2d 354, 361-362 [2000]), where the court finds that the accusatory instrument contains hearsay pleading defects and fails to allege sufficient facts.
The SORA Offenses Charged and the Factual Allegations
Defendant is charged with having violated two provisions of the Sex Offender Registration Act, specifically two subdivisions of Correction Law § 168-f, which is entitled “Duty to register and to verify.” The first count charged in the accusatory instrument, Correction Law § 168-f (2), provides, in pertinent part:
“2. For a sex offender required to register under this article on each anniversary of the sex offender’s initial registration date during the period in which he is required to register under this section the following applies:
“(a) The sex offender shall mail the verification form to the [Division [of Criminal Justice Services] within ten calendar days after receipt of the form
“(c) If the sex offender fails to mail the signed verification form to the [Division within ten calendar days after receipt of the form, he . . . shall be in violation of this section unless he proves that *239 he . . . has not changed his . . . residence address.”
A corollary statute, Correction Law § 168-b (4), provides that the Division of Criminal Justice Services “shall mail a nonforwardable verification form to the last reported address of the person for annual verification requirements.”
The second count charged in the accusatory instrument, Correction Law § 168-f (4), provides, in pertinent part: “Any sex offender shall register with the [D]ivision no later than ten calendar days after any change of address.”
The factual portion of the accusatory instrument in the instant case alleges the following:
“The deponent is informed by PO Raymond ... of the New York City Police Department’s Sexual Offender Monitoring Unit that the Defendant, Zachary Cobb, level two sex offender, failed to mail the annual re-verification letter back to State of New York Division of Criminal Justice Services within ten calendar days of receipt . . . and . . . also failed to change [sic] an address within ten calendar days prior to any change of address . . . since May 17, 1999. Deponent states that the defendant’s residence prior to May 17, 1999 was 267 Beach 14 Street, Far Rockaway. Deponent states that the defendant stated that he had moved to Beach 13 Street and then he moved to the Bronx, and that he currently resides, at 2910 Brookhaven Avenue.”
The accusatory instrument is accompanied by the supporting deposition of Police Officer Raymond, who avers that the facts in the accusatory instrument are true.
Discussion
It is well established that a legally sufficient information must contain nonhearsay, factual allegations of an evidentiary character establishing, if true, every element of the offense charged and the defendant’s commission thereof. (See CPL 100.40 [1]; 100.15 [3].) In People v Casey (supra, 95 NY2d at 361-362), however, the Court of Appeals drew a procedural distinction between an accusatory instrument which fails to contain nonhearsay allegations to establish every element of the offense charged — i.e., an accusatory instrument which contains hearsay pleading defects — and an accusatory instrument which fails to allege sufficient facts to establish every element of the offense charged.
Although People v Casey (supra) held that an accusatory instrument which contains hearsay pleading defects is not *240 jurisdictionally defective and that such defects may be waived by defendant’s pretrial failure to move to dismiss (see also People v Keizer, 100 NY2d 114, 121-122 [2003]), Casey did not alter the long-settled rule that an accusatory instrument which fails to allege sufficient facts to establish every element of the offense is jurisdictionally defective. (People v Casey, supra, 95 NY2d at 360; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) As the Appellate Term recently stated, Casey “did not dilute the statutory requirement that the allegations of the factual part of the information, and/or any supporting depositions, establish, if true, every element of the offenses charged and the defendant’s commission thereof.” (People v Singh, 2003 NY Slip Op 23819[U] [App Term, 2d Dept]; see also People v Inserra, — Misc 3d —, —, 2003 NY Slip Op 23938, *— [App Term, 2d Dept 2003] [“the Court of Appeals . . . reaffirmed in Casey, Alejandro’s holding . . . that complete absence of pleading of an element of a crime ... is a jurisdictional defect”].)
Courts reviewing accusatory instruments for facial insufficiency should give the accusatory instrument “a fair and not overly restrictive or technical reading” (People v Casey, supra, 95 NY2d at 360), “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (Id. at 360.)
In defendant’s motion to dismiss, defendant claims that the accusatory instrument is defective for two reasons — first, because it fails to allege sufficient facts and, second, because it contains hearsay pleading defects.
The court finds that the second count of the accusatory instrument charging a violation of Correction Law § 168-f (4) (duty to register after a change of address) fails to allege sufficient facts to establish every element of the charged offense and contains hearsay pleading defects. The court further finds that the first count of the accusatory instrument charging a violation of Correction Law § 168-f (2) (c) (failure to register annually as a sex offender), although factually sufficient, also contains hearsay pleading defects. Inasmuch as the court finds that the foregoing defects, however, are “of a kind that may be cured by amendment” (CPL 170.35 [1] [a]), or by a jurisdictionally valid superceding information (CPL 100.50 [1]), the court denies the motion to dismiss at this time and grants the People leave to move to amend or otherwise cure the defects in both counts of *241 the accusatory instrument within the time frames set forth below.
Sufficiency of the Factual Allegations
Relying upon People v Armfield (189 Misc 2d 556, 557 [Crim Ct, Richmond County 2001]) and People v Manson (173 Misc 2d 806, 815 [Crim Ct, NY County 1997]), defendant argues that the accusatory instrument is defective in this case because it fails to set forth the actual date — the 10-day expiration date — by which defendant was required to return the verification form to the Division of Criminal Justice Services (DCJS) and otherwise register his change of address. This factual allegation is required, according to defendant, because a critical element of the charged SORA offenses is that a sex offender is required to return the verification form to DCJS and otherwise register his change of address within 10 days of receipt of the form and within 10 days of his change of address, respectively.
This court disagrees and finds that the People were not required to set forth in the accusatory instrument the actual date by which defendant was obliged to comply with the SORA registration requirements. To the extent that People v Armfield (supra, 189 Misc 2d at 557) and People v Manson (supra, 173 Misc 2d at 815) are to the contrary, this court declines to follow those cases. In this court’s view, the absence of an allegation of the actual date by which defendant was required to register does not alone render the accusatory instrument defective.
As to the first count charged in the accusatory instrument, Correction Law § 168-f (2) (c) (failure to register annually as a sex offender), the accusatory instrument alleges that Police Officer Raymond informed the deponent that defendant “failed to mail the annual re-verification letter back to State of New York Division of Criminal Justice Services within ten calendar days of receipt” (emphasis added). That is all the People were required to set forth in the accusatory instrument to establish the elements of Correction Law § 168-f (2) (c). The fair implication of those allegations is that defendant received the annual verification form and failed to return it within 10 days of receipt. The specificity of those allegations was sufficient to “give an accused notice sufficient to prepare a defense and ... to prevent a defendant from being tried twice for the same offense.” (People v Casey, supra, 95 NY2d at 360; see also People v Henderson, 92 NY2d 677, 680 [1999] [“(I)t must be emphasized that the prima facie case requirement (applicable to an information) is not the same as the burden of proof beyond a reasonable doubt required at trial”].)
*242 Significantly, only an “overly restrictive and technical reading” (People v Casey, supra, 95 NY2d at 360) of the accusatory instrument would require the deponent to specify the exact date defendant received the verification form and the exact date that defendant was required to return it. Such a demanding standard of scrutiny of accusatory instruments has not been adopted by reviewing courts. (See e.g., People v Casey, supra, 95 NY2d at 360 [accusatory instrument found factually sufficient even though expiration date of order of protection was not set forth, inasmuch as the fact that the order of protection was in effect on the date of the alleged violation could be reasonably inferred from the complainant’s specific allegation that defendant engaged in conduct that violated order on that date]; People v Oliver, 2003 NY Slip Op 50994[U] [App Term, 2d Dept 2003], lv denied 100 NY2d 585 [2003] [the element of ownership of the allegedly stolen merchandise was established by the “fair implication” of the allegations that defendant removed merchandise from store’s shelves without permission, that he concealed the merchandise in a plastic bag and that he exited the store without paying for the merchandise]; People v Guan, 2003 NY Slip Op 50878[U], *2 [App Term, 1st Dept 2003] [the sale or offer for sale element of third degree counterfeiting was adequately established by allegation that “police observed defendant ‘display and offer for sale’ 15 pairs of Oakley sunglasses, one pair of which was ‘sold,’ ” despite absence of “allegations concerning the ‘manner’ and ‘circumstances’ of defendant’s display of the sunglasses”]; People v Brooke Ave. Realty Corp., 2002 NY Slip Op 50435[U], *2-3 [App Term, 1st Dept 2002] [fire marshal’s sworn allegation that “exit door() ‘was obstructed by a table and chairs,’ sufficiently set forth the factual basis for the alleged Building Code violation,” notwithstanding absence of allegations “pinpointing ‘the proximity of the table and chairs to the exit door’ or the precise number and measurements of the items alleged to have obstructed the exit door”]; People v Aquino, 2002 NY Slip Op 50223[U], *3 [App Term, 1st Dept 2002] [allegation that defendant left her five-year-old and seven-month-old children alone at night in their apartment was sufficient in prosecution for endangering the welfare of a child, notwithstanding absence of allegation of facts “pinpointing the precise time frame during which defendant left her infant children unattended”]; People v William, 191 Misc 2d 293, 294 [App Term, 2d Dept 2002], lv denied 98 NY2d 682 [2002] [conclusoiy allegation that defendant possessed a “gravity knife” was sufficient in *243 prosecution for fourth degree criminal possession of a weapon, notwithstanding absence of allegations that knife fulfilled the statutory definition for gravity knives — i.e., that knife “has a blade which is released from the handle or sheath by the force of gravity,” etc. (Penal Law § 265.00 [5])].)
Giving the accusatory instrument a “fair and not overly restrictive or technical reading” (.People v Casey, supra, 95 NY2d at 360), the court finds that the accusatory instrument contains sufficient factual allegations to establish, if true, every element of the offense charged in the first count of the accusatory instrument and the defendant’s commission thereof. (See CPL 100.40 [1]; 100.15 [3].) Accordingly, the motion to dismiss that count as jurisdictionally defective is denied.
Nor was the deponent required to specify the exact date defendant changed his address or the exact date by which defendant was required to register after his change of address to establish the elements of the second count of the accusatory instrument.
The court finds that the second count of the accusatory instrument, however, is defective inasmuch as it otherwise fails to allege sufficient facts to establish that defendant failed to register with DCJS 10 days after he changed his address.
A sex offender who changes his address violates Correction Law § 168-f (4) if he fails to “register” with DCJS “no later than ten calendar days after any change of address.” The accusatory instrument here, relying upon defendant’s own non-hearsay admissions, properly alleges facts to establish that defendant changed his address. It fails to allege facts, however, to establish two other critical elements of Correction Law § 168-f (4), namely, that defendant failed to “register” with DCJS, and that he failed to register within 10 days “after” his change of address. On the contrary, the accusatory instrument alleges not that defendant failed to register after his change of address but that he failed to “change an address . . . prior to any change of address” (emphasis added).
Inasmuch as it is not a violation of Correction Law § 168-f (4) to fail to register with DCJS prior to a change of address, and given the absence of an allegation, even in conclusory terms, that defendant failed to “register” his change of address at all, the court finds that the second count of the accusatory instrument does not contain sufficient factual allegations to establish, if true, every element of the offense charged in the second count of the accusatory instrument and the defendant’s commission *244 thereof. (See CPL 100.40 [1]; 100.15 [3].) Under the circumstances, the factual allegations were insufficient to provide the requisite “reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]; Correction Law § 168-f [4]).
The only remaining question is whether the court, having found that the second count of the accusatory instrument is facially insufficient, is required to dismiss that count.
An accusatory instrument which does not contain sufficient factual allegations to establish, if true, every element of the offense charged is generally held to be “jurisdictionally defective” or even “fatally defective.” (People v Alejandro, supra, 70 NY2d at 136; see also People v Casey, supra, 95 NY2d at 366 [describing such defects as “non-waivable,” “fundamental,” “pleading errors” which “impair a defendant’s basic rights to fair notice sufficient to enable preparation of a defense and to prevent double jeopardy”].) Furthermore, appellate courts routinely dismiss such jurisdictionally defective accusatory instruments following reversal of a conviction which is based upon the defective accusatory instrument. (See People v Alejandro, supra, 70 NY2d at 136; People v Tarka, 75 NY2d 996, 997 [1990] [“the information is jurisdictionally defective and must be dismissed”]; People v Case, 42 NY2d 98, 103 [1977] [facially insufficient “information . . . should be dismissed”]; People v Inserra, — Misc 3d —, —, 2003 NY Slip Op 23938, *— [App Term, 2d Dept] [such a “defect is jurisdictionally fatal, and the accusatory instrument must therefore be dismissed”]; People v Singh, 2003 NY Slip Op 23819[U], *3 [App Term, 2d Dept] [“jurisdictional(ly) defective) . . . count of the accusatory instrument... is dismissed”].)
However jurisdictional and fundamental such defects may be for appellate purposes, the Legislature has determined that pretrial dismissal of such a facially insufficient accusatory instrument is not always warranted. For example, Criminal Procedure Law § 170.35 (1) (a) provides that an accusatory instrument which is not sufficient on its face “may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend.” (See e.g. People v Romano, 188 Misc 2d 368, 376-377 [Crim Ct, Queens County 2001] [failure to plead facts to establish element of offense is a jurisdictional defect but amendment rather than dismissal is appropriate remedy]; see also People v Easton, 307 NY 336, 339 *245 [1954] [“a court has the power to amend an information even though the amendment may affect a matter of substance”].)
Likewise, Criminal Procedure Law § 140.45, the statutory provision which requires a local criminal court to make a facial sufficiency/reasonable cause assessment of the accusatory instrument at arraignment (People v Hernandez, 98 NY2d 8 [2002]), provides that a local criminal court “must dismiss” an accusatory instrument which is not sufficient on its face only “if the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face.” (See People v Williams, 186 Misc 2d 705, 706 [App Term, 1st Dept 2000] [dismissal of accusatory instrument held inappropriate since “any perceived defect in the accusatory instrument could be remedied by appropriate amendment”].)
Finally, CPL 100.50 (1) provides that a superceding information may be filed at any time prior to the entry of a guilty plea or the commencement of trial. Such a superceding information may be filed to cure the failure to plead facts to support an element of the crime charged, and may be supported by new factual allegations, even though those new factual allegations may not have been contained in the original accusatory instrument. (See People v Consolidated Edison Co., 154 Misc 2d 610, 612-613 [Crim Ct, NY County 1992]; People v Cibro Oceana Term. Corp., 148 Misc 2d 149, 151 [Crim Ct, Bronx County 1990]; see also People v Alejandro, supra, 70 NY2d at 140-141 [Bellacosa, J., concurring] [“when the State fails in its threshold procedural burden” to allege sufficient facts to establish the elements of the offense charged “(t)he State can easily and promptly amend or supersede and pursue a proper prosecution on a jurisdiction-ally valid accusatory instrument”]; but see People v Twine, 121 Misc 2d 762, 768 [Crim Ct, NY County 1983] [“the superseding information must be supported by the factual allegations of the pleading it replaces”].)
Significantly, appellate courts reviewing accusatory instruments for facial insufficiency have no occasion to consider the appropriate application of the “Criminal Procedure Law’s provision mandating permissible amendment over dismissal” (People v Casey, supra, 95 NY2d at 367) — CPL 170.35 (1) (a) — since posttrial dismissal of a facially insufficient accusatory instrument is always warranted following a reversal of the defendant’s conviction on appeal.
Dismissal is not always warranted, however, prior to trial. (See CPL 170.35 [1] [a]; 100.50 [1].) Although the appellate *246 cases dismissing accusatory instruments as jurisdictionally defective never actually set forth what exactly is meant by the term “jurisdictional defect,” this court holds that a facially insufficient accusatory instrument is jurisdictionally defective only to the extent that Criminal Court does not have jurisdiction to enter a guilty plea or commence a trial of a defendant upon an accusatory instrument which contains such nonwaivable defects. Criminal Court does have subject matter jurisdiction over the facially insufficient accusatory instrument, however, prior to trial or judgment. (See People v Casey, supra, 95 NY2d at 366 [an accusatory instrument which contains insufficient factual allegations cannot “deprive” the court of subject matter jurisdiction “because a court must both have and exercise subject matter jurisdiction in order even to rule on the sufficiency of a pleading”]; see also Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967] [“plaintiffs’ failure to plead and prove that notice of entry of judgment had been served( — an essential element of the cause of action — )did not affect the (court’s) competence to entertain the suit (since) . . . (t)he plaintiffs’ failure to do so only affected the (court’s) power to render a judgment on the merits . . . because they failed to state a cause of action”].)
Because the court, having reviewed both the accusatory and factual portions of the accusatory instrument, finds that the foregoing defects, one or both of which appears likely attributable to a typographical error, are “of a kind that may be cured by amendment” (CPL 170.35 [1] [a]), or by a jurisdictionally valid superceding information (CPL 100.50 [1]), the court denies the motion to dismiss at this time and grants the People leave to move to amend or otherwise cure the defects in the second count of the accusatory instrument within the time frame allotted by CPL 30.30.*
The Alleged Hearsay Pleading Defects
Again relying upon People v Armfield (supra, 189 Misc 2d at 557) and People v Manson (supra, 173 Misc 2d at 815), defendant argues that the accusatory instrument is also defective in this case because it “is replete with uncorroborated hearsay assertions.”
*247 The court agrees. Upon a “facial reading of the accusatory instrument” (People v Casey, supra, 95 NY2d at 361), the court finds that Police Officer Raymond’s allegations with respect to the elements of the SORA offenses charged are fraught with hearsay. (See People v Armfield, supra, 189 Misc 2d at 557; People v Manson, supra, 173 Misc 2d at 815.) Further, the court finds that those allegations are not otherwise “admissible under some hearsay rule exception.” (People v Casey, supra, 95 NY2d at 361.)
Although the SORA provisions which defendant is alleged to have violated require a sex offender to mail the verification form and report a change of address to DCJS, Officer Raymond does not claim to be an agent of DCJS, or the custodian of its records. Officer Raymond is employed not by DCJS, but by the New York City Police Department’s Sexual Offender Monitoring Unit, an agency which is not referenced in SORA. Nor does Officer Raymond claim to have based his conclusory allegations upon a review of certified copies of DCJS records or a DCJS database. Notably, DCJS is statutorily obliged to maintain such records for individuals required to register as sex offenders. (See Correction Law § 168-b [1].)
Further, the People have failed to submit a certified document from DCJS, or an affidavit from someone with personal knowledge at DCJS, to corroborate Officer Raymond’s claim that defendant failed to mail the verification form to DCJS (or that he failed to register his change of address). Such information from DCJS would seem to be readily available to the People inasmuch as SORA’s statutory framework requires DCJS to enter a sex offender’s registration and verification “information into an appropriate electronic data base or file.” (Correction Law § 168-i.)
Nor have the People sought to likewise corroborate the conclusory hearsay allegation that defendant is a “level two sex offender” who is required to register under SORA, by, for example, serving and filing the “certification” required by Correction Law § 168-d (1). (See also Correction Law § 168-h [1].)
Significantly, in response to defendant’s motion, the People do not even attempt to argue that Police Officer Raymond’s assertions are admissible pursuant to a recognized exception to the hearsay rule. Nor do they otherwise address defendant’s claim that the accusatory instrument is replete with hearsay.
Accordingly, absent a certified document from DCJS or an affidavit from a DCJS employee with personal knowledge, the court finds that Officer Raymond’s conclusory allegations are *248 fraught with hearsay and are not otherwise admissible pursuant to a recognized exception to the hearsay rule. (See People v Armfield, supra, 189 Misc 2d 556 [2001]; People v Manson, supra, 173 Misc 2d at 815; cf. People v Garcia, 163 Misc 2d 862 [Crim Ct, Bronx County 1995] [accusatory instrument charging defendant with aggravated unlicensed operation of a motor vehicle was properly converted to information where allegation in complaint that defendant’s license was suspended was corroborated by filing of certified copy of DMV abstract].)
Because the hearsay pleading defects in both counts of the accusatory instrument in this case are “readily curable” (People v Casey, supra, 95 NY2d at 361), however, the court denies the motion to dismiss at this time and grants the People leave to move to amend or otherwise cure the hearsay pleading defects in the accusatory instrument within the time frame allotted by CPL 30.30.
In conclusion, the court finds that the second count of the accusatory instrument charging a violation of Correction Law § 168-f (4) (duty to register after a change of address) fails to allege sufficient facts to establish every element of the charged offense and contains hearsay pleading defects. The court further finds that the first count of the accusatory instrument charging a violation of Correction Law § 168-f (2) (c) (failure to register annually as a sex offender), although factually sufficient, also contains hearsay pleading, defects. Inasmuch as the court finds that the foregoing defects, however, are “of a kind that may be cured by amendment” (CPL 170.35 [1] [a]), or by a jurisdiction-ally valid superceding information (CPL 100.50 [1]), the court denies the motion to dismiss at this time and grants the People leave to move to amend or otherwise cure the defects in both counts of the accusatory instrument within the time frame allotted by CPL 30.30.

 Although the court recognizes that under the circumstances of this case it has discretion to require the People to cure the defects by a date certain well in advance of the CPL 30.30 expiration date, the court declines to exercise that discretion in this case inasmuch as the first count of the accusatory instrument, which the court finds factually sufficient, is still pending.