People v Ward (2023 NY Slip Op 50688(U))

[*1]

People v Ward (Shante)

2023 NY Slip Op 50688(U)

Decided on June 16, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 16, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ.

2021-550 Q CR

The People of the State of New York, Appellant,
against
Shante Ward, Respondent. 

Queens County District Attorney (Johnnette Traill, John M. Castellano and Sharon Y. Brodt of counsel), for appellant.
New York City Legal Aid Society (Ronald Zapata of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Scott A. Dunn, J.), dated July 29, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
Insofar as is relevant to this appeal, on April 20, 2020, defendant was charged in an accusatory instrument with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and unlicensed driving (Vehicle and Traffic Law § 509 [1]), and was arraigned thereon. From March 20 to October 4, 2020, the provisions of CPL 30.30 were tolled for misdemeanor charges in Queens County, among other criminal matters, pursuant to executive orders from the Governor's office in response to the COVID-19 outbreak. On November 9, 2020, the People filed an off-calendar statement of readiness (SoR) that did not include a CPL 30.30 (5-a) certification of the facial sufficiency of the accusatory instrument. By notice of motion dated April 6, 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the People's November 9, 2020 SoR was invalid because it lacked the CPL 30.30 (5-a) certification. On May 12, 2021, the People filed their opposition to defendant's motion as well as an SoR that included a CPL 30.30 (5-a) certification. By order dated July 29, 2021, the Criminal Court (Scott A. Dunn, J.) granted defendant's motion after finding 184 chargeable days, more than the 90 days allotted to [*2]the People to be ready for trial (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]). The Criminal Court accepted defendant's argument that the People's November 9, 2020 SoR was invalid pursuant to CPL 30.30 (5-a).
On appeal, the People argue that CPL 30.30 (5-a) does not specify when the People must certify the facial sufficiency of the accusatory instrument and, therefore, the 5-a certification that the People filed on May 12, 2021 should retroactively validate the November 9, 2020 SoR.
In support of their contention that CPL 30.30 (5-a) does not specify when the People must certify the facial sufficiency of the accusatory instrument, the People compare subsection 5-a to CPL 30.30 (5), which was passed at the same time as subsection 5-a and requires that an SoR be "accompanied or preceded by" a certificate of compliance with the People's discovery obligations (see CPL 245.50 [1]). The People reason that, because the Legislature did not include this "accompanied or preceded by" language in subsection 5-a, the Legislature meant to allow the People to file a 5-a certification after their SoR. The People's argument has considerable support in Court of Appeals precedent on statutory interpretation (see People v Page, 35 NY3d 199, 206-207 [2020] [the Court of Appeals has "consistently interpreted statutes . . . under the maxim expressio unius est exclusio alterius such that 'where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' "], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240; People v Francis, 30 NY3d 737, 748 [2018] ["a court 'may not create a limitation that the Legislature did not enact' "], quoting Matter of Theroux v Reilly, 1 NY3d 232, 240 [2003]; People v Tychanski, 78 NY2d 909, 911-912 [1991] [" 'The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended' "], quoting Pajak v Pajak, 56 NY2d 394, 397 [1982]). Thus, we agree with the People that, if the Legislature had intended to prohibit the filing of a 5-a certification after an SoR, it would have simply used the "accompanied or preceded by" language it had used in the immediately preceding subsection, CPL 30.30 (5).
In support of their argument that the May 12, 2021 5-a certification should retroactively validate the November 9, 2020 SoR, the People contend that their failure to file a 5-a certification (which they describe as a "boilerplate declaration" or a "pro forma certification") with the November 9th SoR was, at most, a latent defect in the SoR because the failure to certify "is not an impediment to readiness" and "does not implicate the validity of the People's [SoR]"; that allowing the People to cure the defect in their SoR is comparable to allowing the People to cure defects in the accusatory instrument pursuant to CPL 170.35 (1) (a); that retroactive 5-a certification is preferable to dismissal, as the People "were truly ready when they said they were" in their SoR; and that retroactive 5-a certification does not conflict with the Legislature's goal of ending the practice of announcing ready on a partially converted accusatory instrument. Defendant responds that the People's failure to file a 5-a certification is not a latent defect, but a defect that is plain on the face of the filings; and that, in any event, the People's retroactivity argument conflicts with the plain language of subsection 5-a, renders subsection 5-a meaningless, undermines the legislative intent behind the enactment of subsection 5-a, and violates Court of Appeals precedent by allowing the People to file illusory SoRs.
CPL 30.30 (5-a) provides that "a statement of readiness shall not be valid unless the prosecuting attorney certifies" that the accusatory instrument is facially sufficient (emphasis [*3]added). Defendant is correct that the plain language of the subsection conditions the validity of an SoR on the People's certification of the facial sufficiency of the accusatory instrument and, thus, that failure to so certify renders the SoR invalid and incapable of stopping the speedy trial clock (see People v Collado, 73 Misc 3d 1204[A], 2021 NY Slip Op 50918[U], *2 [Crim Ct, NY County 2021]; People v Ramirez-Correa, 71 Misc 3d 570, 575 [Crim Ct, Queens County 2021]; but see People v Plaza, 72 Misc 3d 888, 895 [Crim Ct, NY County 2021]; People v Kupferman, 71 Misc 3d 1232[A], 2021 NY Slip Op 50550[U], *7 [Sup Ct, Kings County 2021]).
We note that most of the People's claims in support of their retroactivity argument—in particular, the claims that the failure to certify under subsection 5-a "is not an impediment to readiness," "does not implicate the validity of the People's [SoR]," and does not change the fact that the People "were truly ready when they said they were" in their SoR—are arguments against the wisdom of subsection 5-a, which this court is not authorized to consider. The People may doubt the efficacy of subsection 5-a or believe that it creates consequences that are unacceptable from a policy perspective, but those are arguments for the Legislature to amend or repeal subsection 5-a, not for this court to read subsection 5-a in a way that undermines its plain language (see People v Thomas, 33 NY3d 1, 10 [2019] [" '(t)he courts in construing statutes should avoid judicial legislation; they do not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its action on matters within its powers' "], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 73; People v Francis, 30 NY3d at 750-751 ["(appellant's) arguments are for the legislature . . . to consider, and not within the scope of this Court's authority" because " '(t)he constitutional principle of separation of powers . . . requires that the Legislature make the critical policy decisions' "], quoting Bourquin v Cuomo, 85 NY2d 781, 784 [1995]; People v Smith, 79 NY2d 309, 311 [1992] ["our purpose is not to pass on the wisdom of a statute or any of its requirements, but rather to implement the will of the Legislature as expressed in its enactment"]; People v Boston, 75 NY2d 585, 589 [1990] [where the People's assertion of the legislative intent behind a statute "was not made evident in the language or history of the statute," then "it remain(ed) for the Legislature—not the courts—to rewrite the statute to express that objective"]).
"When resolving a question of statutory interpretation, the primary consideration is to ascertain and give effect to the legislature's intent" (People v Schneider, 37 NY3d 187, 196 [2021]). " 'Generally, inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history' " (People v Wallace, 31 NY3d 503, 507 [2018], quoting Matter of Sutka v Conners, 73 NY2d 395, 403 [1989]). Here, the legislative memorandum for Senate Bill 1738, which bill was substantially incorporated in the budget bill under which CPL 30.30 (5-a) was enacted, indicates that the purpose of Senate Bill 1738 was to "amend[ ] section 30.30 of the Criminal Penal Law to ensure cases go to trial in a reasonable timeframe" (Senate Introducer's Mem in Support of 2019 NY Senate Bill S1738). The People's retroactivity argument conflicts with the Legislature's stated purpose of "ensur[ing] cases go to trial in a reasonable timeframe." Indeed, "the retroactive-validation rule urged by the People would undermine the CPL 30.30 'speedy trial; time limitations' statute by obviating the requirement of a timely statement of readiness. Such a rule would enable the People to declare retroactive-readiness at any time up until the commencement of trial, without regard to the express time constraints of CPL 30.30(1)" (People [*4]v Collado, 2021 NY Slip Op 50918[U], *2-3; but see People v Aviles, 72 Misc 3d 423, 428 [Crim Ct, Kings County 2021]).
We reject the People's analogy to CPL 170.35 (1) (a) (see People v Benouis, 48 Misc 3d 1229[A], 2015 NY Slip Op 51309[U] [Crim Ct, NY County 2015]; People v Cruz, 44 Misc 3d 640, 643 [Crim Ct, Queens County 2014]; People v Thompson, 28 Misc 3d 483, 498 [Crim Ct, Kings County 2010]; People v Naul, 3 Misc 3d 1101[A], 2004 NY Slip Op 50317[U] [Crim Ct, Queens County 2004]; People v Volkes, 1 Misc 3d 829, 830 [Crim Ct, Richmond County 2003]; People v Cobb, 2 Misc 3d 237, 246 [Crim Ct, Queens County 2003]; People v Gore, 143 Misc 2d 106, 109 [Crim Ct, Queens County 1989]).
In view of the foregoing, we find that the People are correct that subsection 5-a permits the filing of a 5-a certification after the filing of an SoR and that this will cure an SoR that had been defective based on the failure to file the 5-a certification. However, in light of the plain language of subsection 5-a and the legislative intent behind its enactment, that cure is not retroactive. Rather, the subsequent filing of a 5-a certification cures a defective SoR as of the date of the 5-a filing, and the People are deemed to have stated ready for trial on that date (see People v Piney, 73 Misc 3d 535, 540 [Pleasant Valley Just Ct 2021]; People v Popko, 71 Misc 3d 1210[A], 2021 NY Slip Op 50345[U], *4 [Crim Ct, Queens County 2021]). Because, here, the People did not file a 5-a certification, and therefore state readiness, until after the expiration of their statutory speedy trial time, the Criminal Court correctly granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.
Accordingly, the order is affirmed.
BUGGS, J.P., OTTLEY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 16, 2023