OPINION OF THE COURT
Thomas J. DiSalvo, J.
Facts of the Case
The defendant was charged with criminal contempt in the second degree, in violation of Penal Law § 215.50 (3) and aggravated harassment in the second degree in violation of Penal Law § 240.30 (2). It is alleged that on May 24, 2004 at 1:00 a.m. the defendant telephoned his ex-girlfriend. At the time of said call a “no offensive contact” order of protection, which was issued by this court on November 19, 2003, was still in effect. Said order of protection was effective until November 19, 2004.
It is alleged that during said call the defendant made the following comments: “How did I know you would be still be up?”; “I know what you are doing Kim, stop lying to me”; “[I don’t] understand why you are doing this to me.” It is also alleged that in sum and substance that he stated that he had written proof of an affair involving the complainant. In the supporting deposition of the complainant, the defendant’s ex-girlfriend stated that
“This whole thing made me very afraid that Chris was somewhere close by watching me. I was intimidated by his actions, I felt unsafe and invaded. I have told Chris not to call me many times ... I told him again that I did not want to talk to him again and I hung up.”
Defense counsel submitted motions requesting that the accusatory instruments be dismissed pursuant to CPL 170.30 (1) (a), 170.35 (1) (a) and 100.40 as being defective. In order to rule on the motion, one must review the elements of each charge.
Issues
Does failure to allege that a phone call lacks a purpose of legitimate communication render an accusatory instrument, charging the defendant with aggravated harassment in the second degree, defective on its face?
*782 Is the accusatory instrument charging the defendant with criminal contempt in the second degree defective on its face?
Legal Analysis
Aggravated Harassment in the Second Degree.
Penal Law § 240.30 (2) states as follows:
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she: . . .
“Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.”
Criminal Procedure Law § 100.40 (1) (c) states that
“An information, or a count thereof, is sufficient on its face when: . . .
“Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
One of the elements of the crime is a phone call that has “no purpose of legitimate communication.” (Penal Law § 240.30 [2].) In neither the complaint nor the supporting deposition is there an allegation that the phone call in question had no purpose of legitimate communication. The court in People v Singh (1 Misc 3d 73, 74 [2003]) stated that
“While the Court of Appeals, in People v Casey (95 NY2d 354 [2000]), found that hearsay pleading defects of an information are waivable, it did not dilute the statutory requirement that the allegations of the factual part of the information, and/or any supporting depositions, establish, if true, every element of the offense(s) charged and the defendant’s commission thereof (see CPL 100.40 [1]).
“An element of Penal Law § 240.30 (2) is that the telephone call had ‘no purpose of legitimate communication’ (see People v Shack, 86 NY2d 529, 539 [1995]), and the mere recitation, in the accusatory instrument, of defendant’s threat to the complainants does not establish such element. This is so, notwithstanding the fact that a determination that a telephone call had ‘no purpose of legitimate communication’ may involve subjective analysis (see e.g. Shack, 86 NY2d at 538).”
It is uncontroverted that failure to set out every element of the *783 crime charged in the complaint and supporting deposition is a jurisdictional defect. (See People v Alejandro, 70 NY2d 133 [1987].)
As a result of the fact that neither the complaint nor the supporting deposition alleged that the phone call in question lacked a legitimate purpose, same is defective on its face. As a result, the charge of aggravated harassment in the second degree, pursuant to Penal Law § 240.30 (2), is hereby dismissed.
Criminal Contempt in the Second Degree.
Penal Law § 215.50 (3) states in pertinent part as follows:
“A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct: . . .
“Intentional disobedience or resistance to the lawful process or other mandate of a court.”
The complaint charges that the defendant committed the offense of criminal contempt in the second degree, because there was a “No Offensive Contact” order of protection issued by this court on November 19, 2004 and that same was in effect on the date in question, i.e., May 24, 2004, and that when the defendant telephoned his ex-girlfriend, he committed the offense of aggravated harassment in the second degree and that he “intimidated the victim by the phone call he made concerning the aggravated harassment.” Since the charge of aggravated harassment in the second degree was previously dismissed, the instant charge cannot be based on said offense.
However, it must now be determined whether the accusatory instrument sufficiently alleges that the phone calls made by the defendant were intimidating. In reviewing the allegations for sufficiency, the court is permitted to review not only the complaint, but any supporting deposition provided. (CPL 100.40 [4] [b].) The complaint is not helpful in that the only other allegation sets out a conclusion that the “defendant intimidated the victim by the phone call he made concerning the aggravated harassment.” As a result, it is necessary to take into account the supporting deposition.
The ex-girlfriend states, among other things, in her supporting deposition in reference to the defendant that “I was intimidated by his actions, I felt unsafe and invaded. I feel hunted by him, wherever I go.” The question is whether the fears of the defendant’s ex-girlfriend were of an objective or subjective nature. She also stated in her supporting deposition that “[t]his whole thing made me very afraid that Chris was *784 somewhere close by watching me.” A stated subjective fear by the alleged victim would not be enough to establish the sufficiency of the accusatory instrument. The allegations must indicate on an objective level to a reasonable person that the words used by the defendant were intimidating in nature. That was not the case herein. The reader is forced to engage in a subjective analysis as to why said language of the defendant would be intimidating. A close review of the language used by the defendant does not suggest a specific or objective reason for the victim’s fear. As a result, the motion to dismiss the charge of criminal contempt in the second degree (Penal Law § 215.50 [3]), based on the insufficiency of the accusatory instrument, pursuant to CPL 100.40 (1) (c), 170.30 (1) (a) and 170.35 (1) (a), is hereby granted.