OPINION OF THE COURT
Memorandum.
In a superseding information, defendant was charged with aggravated harassment in the second degree (Penal Law § 240.30 [2]) and criminal contempt in the second degree (Penal Law § 215.50 [3]). Defendant moved in the court below to dismiss the two counts for facial insufficiency including, inter alia, that they failed to contain nonhearsay allegations establishing, if true, every element of the offenses charged and the defendant’s commission thereof. By order entered June 22, 2006, the court dismissed the count of aggravated harassment in the second degree and denied dismissal of the count of criminal contempt in the second degree. The People now appeal from the order insofar as it dismissed the charge of aggravated harassment in the second degree.
The complainant alleged in the superseding information that on or about and between June 1 and July 2, 2004, she received approximately 16 telephone calls from defendant at either her residence or place of employment on her cellular phone. She asserted that she knows that defendant was the caller because she recognized his voice, having known and been friends with him in the past for approximately three years. She alleged that the phone calls served no legitimate purpose, caused her to be concerned for her safety and caused her to be annoyed and alarmed. Furthermore, defendant’s actions were in direct viola *8 tion of an order of protection lawfully issued by Clarkstown Justice Court Judge Scott B. Ugell on May 24, 2004, and in effect until May 25, 2005, prohibiting defendant (in the words of the superseding information) “from, inter alia, communicating with me whatsoever.” Complainant also averred that defendant was aware of the order of protection, as evidenced on the face of the order, indicating that he was advised of its terms and conditions in court on May 24, 2004, and that a certified copy of it was attached to, and made a part of, the superseding information. The superseding information was signed by the complainant under the words, “False statements made herein are punishable as a class A misdemeanor pursuant to § 210.45 of the Penal Law.”
While the record contains what purports to be an order of protection signed by Judge Ugell and dated May 24, 2004, said order fails to specify the persons with whom defendant was to refrain from “communication or any other contact by . . . telephone,” that it was unsigned by defendant, that the date and time of its purported service were left blank and that no certified copy of it was attached to the superseding information. Nevertheless, said order of protection does contain language that defendant was to “stay away from” Cortney (complainant’s first name) as well as other named persons and that “[defendant [was] advised in Court of the issuance of Order.”
The standards for sufficiency of an information include that it set forth facts of an evidentiary character supporting or tending to support the charges (CPL 100.15 [3]), that its factual part, together with any accompanying supporting depositions, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part (CPL 100.40 [1] [b]), and that it contain nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]). The question presented, therefore, is whether the superseding information in the case at bar satisfies these standards in light of the crime charged, a violation of Penal Law § 240.30 (2), which states, “A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she: . . . Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.”
We are of the view that under the aforementioned standards set forth in the CPL, the superseding information in the instant case must be deemed insufficient on its face. The element of ag *9 gravated harassment in the second degree entailing “no purpose of legitimate communication” (Penal Law § 240.30 [2]) was unsupported by adequate evidentiary and factual allegations (see People v Alfano, 5 Misc 3d 780 [2004]; see generally People v Shack, 86 NY2d 529, 538-539 [1995]). While it is true that no conversation need ensue in a telephone call in order for the caller to have committed the offense (Penal Law § 240.30 [2]), the instant superseding information contained no allegation that such was the case but rather an assertion that the complainant recognized defendant’s voice. This constituted a failure to allege “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” (CPL 100.40 [4] [b]) to believe that defendant called the complainant with no purpose of legitimate communication (see People v Shack, 86 NY2d 529, 539 [1995], supra [indicating that criminal liability should not be imposed “based on the unascertainable sensitivities of the victim”]; compare People v Berk, 2 Misc 3d 132[A], 2004 NY Slip Op 50149[U] [App Term, 1st Dept 2004]).
We are cognizant that the superseding information contained other allegations by the complainant, including that defendant’s actions were in direct violation of a legally issued order of protection. However, we need not reach the issue of whether a communication in violation of an order of protection would establish prima facie the existence of the element of the crime of aggravated harassment in the second degree consisting of a call “with no purpose of legitimate communication,” since no certified copy of the order of protection was annexed to the information so as to bolster its factual allegations (see People v Casey, 95 NY2d 354, 361-362 [2000]), and a facial examination of the information does not reveal whether the complainant’s allegations were based on direct knowledge of the order of protection or on hearsay. Thus, the nonhearsay requirement of CPL 100.40 (1) (c) remained unsatisfied and a motion was properly brought by defendant seeking dismissal of the aggravated harassment count on this ground (People v Casey, 95 NY2d at 361).
Accordingly, the order of the court below, insofar as appealed from, dismissing as insufficient the count of the superseding information charging aggravated harassment in the second degree should be affirmed.
Rudolph, P.J., McCabe and Tanenbaum, JJ., concur.