OPINION OF THE COURT
Armando Montano, J.
Defendant is charged with one count of commercial bribe receiving in the second degree (Penal Law § 180.05).
By notice of motion dated February 23, 2015, defendant moves for an order pursuant to CPL 170.30 and 100.40 dismissing the accusatory instrument as facially insufficient. By notice of motion dated December 23, 2014, defendant moves for an order (1) directing the People to furnish defendant with a bill of particulars; (2) directing the People to disclose and/or make available for inspection, photographing, copying or testing documents responsive to his demand for discovery; (3) compelling discovery pursuant to CPL 240.40 (1) (a); (4) suppressing statements (Huntley); (5) directing a Dunaway hearing to be held; (6) precluding the People from cross-examining defendant as to his prior criminal bad acts (Sandoval); and (7) granting defendant the right to make additional pretrial motions and the right to amend and/or supplement this motion if made necessary or appropriate by the People’s future disclosure. Both motions shall be decided herein.
The factual allegations in the original accusatory instrument, dated December 1, 2014, read as follows: “Deponent states that on or about November 27, [2013], defendant, a customer accepted a sum of two hundred dollars United States Currency ($200.00) from a witness known to DOI, in exchange for which defendant expedited the installation of a gas meter in contravention of Consolidated Edison policy.”
Motion to Dismiss
Citing People v Bac Tran (80 NY2d 170 [1992]), defendant argues that “in order to have legally sufficient evidence of Commercial Bribe Receiving in the Second Degree, . . . there must be evidence showing that the recipient explicitly agreed or implicitly understood his conduct in relation to his employer’s affairs would be affected.” (Affirmation of defendant’s counsel at 4.) Defendant contends that the accusatory instrument is facially insufficient in two respects. First, defendant notes that the information refers to him as a “customer” who accepted the sum of $200 from a witness known to the New York City *376 Department of Investigation (DOI). Defendant asserts that, at the time of the alleged incident, he was an employee of Consolidated Edison. Therefore, defendant maintains that his conduct as a customer would have no effect on his employer’s affairs. Second, defendant argues that the information fails to assert any allegations to establish that he had any agreement with a witness from the DOI and instead merely asserts that he expedited the installation of a gas meter.
In response to defendant’s first argument, the People filed a superseding information identifying defendant as a customer service representative employed by Consolidated Edison. The factual allegations in the superseding information, dated March 6, 2015, read as follows:
“Deponent states that on or about November 27, 2013, defendant, a Consolidated Edison Customer Service Representative accepted the sum of two hundred dollars United States Currency ($200.00) from a witness known to DOI, in exchange for which defendant expedited the installation of a gas meter in contravention of Consolidated Edison policy.”
Therefore, the People argue that defendant’s first argument has been rendered moot by the filing of the superseding information.
With respect to defendant’s second argument, the People argue that the superseding information alleges sufficient facts to support the inference of the existence of an understanding between defendant and the witness known to the DOI and provides reasonable cause to believe that defendant committed the offense charged.
Facial Sufficiency
It is well settled that an accusatory instrument must contain facts of an evidentiary nature that support or tend to support the crimes charged (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986]) and contain nonhearsay allegations that establish, if true, every element of the crimes charged (CPL 100.40 [1] [c]). Further, an accusatory instrument must provide reasonable cause to believe that the defendant committed the crimes charged. (CPL 100.40 [1] [b]; Dumas, 68 NY2d 729.) Reasonable cause to believe that a defendant committed the crimes charged “exists when evidence or information which appears reliable discloses facts or circumstances which are collectively *377 of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].) “In order for the reasonable cause standard to be met, the factual portion of the accusatory instrument must describe conduct that constitutes the crime charged.” (People v Hightower, 18 NY3d 249, 254 [2011].)
When reviewing an accusatory instrument for facial sufficiency, the court must assume the truth of the factual allegations and consider all favorable inferences drawn therefrom. (CPL 100.40, 100.15; People v Mellish, 4 Misc 3d 1013[A], 2004 NY Slip Op 50869[U] [Crim Ct, NY County 2004].) The facts alleged need only establish the existence of a prima facie case, even if those facts would be insufficient to establish guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103 [1986].)
Commercial Bribe Receiving in the Second Degree
(Penal Law § 180,05)
“An employee, agent or fiduciary is guilty of commercial bribe receiving in the second degree when, without the consent of his employer or principal, he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that such benefit will influence his conduct in relation to his employer’s or principal’s affairs.” (Penal Law § 180.05.)
“The gist of the crime is not the payment of money, but rather the ‘agreement or understanding’ under which [the alleged bribe receiver] accepts or agrees to accept a benefit.” (People v Harper, 75 NY2d 313, 317 [1990].) As such, the crime of bribe receiving is complete once a bribe is solicited upon an agreement or understanding. (People v Charles, 61 NY2d 321 [1984].)
The term “benefit” is broadly defined and includes “any gain or advantage to a third person pursuant to the desire or consent of the beneficiary.” (Penal Law § 10.00 [17].) The Court of Appeals has yet to define the terms “agreement” and “understanding” in the context of a commercial bribe receiving case. Instead, these two terms are derived from Bac Tran (80 NY2d 170), a case which involved the bribing of a public servant. In Bac Tran, the Court of Appeals held that the bribery statute “disjunctively requires either a mutual ‘agreement’ be *378 tween the bribe maker and the public servant, or at least a unilateral ‘understanding’ in the mind of the bribe maker that the bribe will influence the public servant’s conduct.” (Id. at 176.) The Court of Appeals defined the term “understanding” as “at least a unilateral perception or belief by a perpetrator that the ‘public servant’s vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.’ ” (Id. at 178.)
Using the rationale set forth in Bac Tran, in the context of the instant case, the term “agreement” “means a mutual agreement between an employee . . . and a person from whom he . . . solicits, accepts or agrees to accept any benefit that such employee’s . . . conduct in relation to his . . . employer’s . . . affairs will thereby be influenced.” (CJI2d[NY] Penal Law § 180.05.) The term “understanding” is defined as “at least a unilateral perception or belief by an employee . . . who solicits, accepts or agrees to accept any benefit from another person that such benefit will influence the employee’s . . . conduct in relation to his . . . employer’s . . . affairs.” (Id.)
This court finds that the accusatory instrument fails to contain nonhearsay allegations establishing, if true, each and every element of the offense charged. “Whether the allegation of an element of an offense is hearsay, rendering the information defective, is to be determined on a facial reading of the accusatory instrument.” (People v Casey, 95 NY2d 354, 361 [2000].) An information that fails to identify whether the deponent’s allegations were based upon direct knowledge or hearsay does not satisfy the nonhearsay requirement of CPL 100.40 (1) (c). (People v Weiss, 17 Misc 3d 6 [App Term, 2d Dept, 9th & 10th Jud Dists 2007].)
Here, the factual portion of the superseding information is signed by an investigator with the DOI, who alleges that on November 27, 2013, defendant, as an employee of Consolidated Edison, accepted the sum of $200 from a witness known to the DOI in exchange for the expedited installation of a gas meter in contravention of Consolidated Edison policy. Notably, the superseding information fails to allege any facts to establish the deponent’s basis of knowledge for the factual allegations set forth therein. It is unclear to this court whether the deponent was informed by the individual identified as “a witness known to DOI” or whether the deponent personally observed and therefore had direct knowledge of defendant’s alleged conduct. Moreover, not only is the assertion that defendant’s conduct *379 was “in contravention of Consolidated Edison policy” a conclusory assertion, unsupported by facts of an evidentiary nature, it also constitutes hearsay. An investigator with the DOI, who is not employed by Consolidated Edison, cannot be presumed to have personal knowledge of Consolidated Edison’s policies and whether such policies were violated by defendant’s alleged conduct. Based on the foregoing, the accusatory instrument is jurisdictionally defective and must be dismissed. (People v Case, 42 NY2d 98 [1977].)
Accordingly, defendant’s motion to dismiss the accusatory instrument as facially insufficient is granted and the accusatory instrument is hereby dismissed without prejudice. The People are granted leave to move to amend or otherwise cure the defects in the accusatory instrument consistent with CPL 30.30 and 170.30. In light of the dismissal of this action, the remaining branches of defendant’s motion are hereby deemed moot. Should the People file a facially sufficient information, defendant may renew the remaining branches of the instant motion.