OPINION OF THE COURT
John W. Carter, J.
The defendant Gurinder Singh charged with two counts of aggravated harassment in the second degree (Penal Law § 240.30 [1], [2]) and one count of harassment in the second degree (Penal Law § 240.26 [1]) moves to dismiss the purported information on grounds of facial insufficiency pursuant to CPL 100.45, 170.30 and 170.35. The defendant also moves to dismiss the charges alleging that they impinge on his constitutionally protected right to free speech. The instant case presents the novel issue of whether the target of a telephone threat must be specifically named or identified in the accusatory instrument in order to establish a prima facie case of aggravated harassment in the second degree. The defendant is accused of having made a telephone call to the Child Abuse Reports Registry during which he made threatening but generalized statements aimed at a broad range of people. The complainant was the recipient of the phone call and heard the threats, but she herself was not threatened. Furthermore, there is nothing in the accusatory instrument to suggest that the defendant had any personal knowledge of the complainant or that the complainant was anyone other than a random employee who happened to answer the phone. This court is further called upon to decide whether an abusive or threatening telephone call qualifies as a call with “no purpose of legitimate communication” as set forth in Penal Law § 240.30 (2). For the reasons contained herein, this court finds that the target of a threat need not be specified or identified in the accusatory instrument in order to establish a prima facie case of aggravated harassment in the second degree. In addition, if it is set forth by nonhearsay allegations that a defendant placed a threatening phone call, then such allegations will suffice as prima facie evidence that the defendant made a phone call with no purpose of legitimate communication. Conversely, we find that in order to establish a prima facie *467 case of harassment in the second degree (Penal Law § 240.26 [1]), the accusatory instrument must establish that the person who is the target of the threat must in fact be one and the same as the recipient of the threat. Additionally, we find that these charges do not violate the defendant’s right to free speech guaranteed under the United States and New York State Constitutions.
The motion arises from the following facts and procedural history. On April 28, 2000, the defendant was arrested on the aforementioned charges. The factual allegations in the misdemeanor complaint set forth that the defendant telephoned the Child Abuse Reports Registry, spoke with an employee named Rosemary Baker (the informant/complainant) and in the ensuing conversation made statements which caused Ms. Baker to be annoyed and alarmed. Specifically, the factual allegations set forth that the defendant told the informant that he “will start killing judges and some lawyers so that people will start to listen to the defendant, and that if informant doesn’t take [the defendant’s] report, that [the defendant] would start killing some people too, and that [the defendant] understands what the kids at Columbine High School were thinking before they did what they did.” There is no allegation that the recipient of the phone call, Rosemary Baker, was personally threatened by the defendant. There is no indication that the defendant even knew the name of the person who answered the phone. In addition, there is no allegation that the defendant mentioned any particular individual by name or provided any clue as to the identity of the “judges * * * lawyers * * * and people” who were the target of his threats.
The defendant was arraigned on April 29, 2000. On May 4, 2000, the People filed a supporting deposition from Rosemary Baker and announced their readiness for trial. The defendant now moves to dismiss the charges on the grounds of facial insufficiency. The defendant’s argument is threefold:
1. The information fails to state a violation of Penal Law § 240.26 (1) because it does not charge that the defendant threatened the complainant.
2. The information fails to state a violation of Penal Law § 240.30 (1) in that it alleges no specific threat and does not identify the people who were the target of the defendant’s threats.
3. The information fails to state a violation of Penal Law § 240.30 (2) in that the information by its own terms alleges that the telephone call that the defendant made was for the purpose of legitimate communication.
*468 We will begin our analysis by noting that the defendant has submitted an impressive and well-researched memorandum of law in support of his motion. The defendant has cited, inter alia, People v Dietze (75 NY2d 47 [1989]) in which the Court of Appeals reversed the defendant’s conviction for harassment (Penal Law § 240.25, the predecessor statute to Penal Law § 240.26) and declared Penal Law § 240.25 (2) unconstitutional. Penal Law § 240.25 (2) stated that:

“A person is guilty of harassment when, with intent to harass, annoy or alarm another person',

“(2) In a public place, he uses abusive or obscene language, or makes an obscene gesture.” (Emphasis supplied.)
In Dietze the defendant had been found guilty of harassment based upon his threat to “ ‘beat the crap out of [the complainant] some day or night’ ” (at 50). In reversing, the Court of Appeals held that “any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence or other breach of the peace” (see Dietze, supra, at 52). The Court further held that the defendant’s threat, while abusive and annoying, did not fall within the scope of “constitutionally prescribable expression” (at 51).
In the instant case, the defendant urges that, like the defendant in Dietze (supra), his speech is constitutionally protected and cannot form the basis for a prosecution. This court disagrees. The facts in Dietze are distinguishable on several grounds. Firstly, in the instant case, the defendant is alleged to have stated that he would start shooting people. The use of the word “start” evinces his intent to cause immediate violence. Moreover, it is significant that the defendant in Dietze was convinced after a nonjury trial (Town Court of the Town of Norfolk) and that conviction was affirmed by the St. Lawrence County Court, prior to the reversal in the Court of Appeals. Each of these courts, in reaching their respective opinions as to whether the defendant’s speech created an immediate likelihood of violence, evaluated the content of the defendant’s threat. This is an issue for the trier of fact and cannot be determined at the pleading level. Furthermore, at issue in Dietze, apart from whether the threat evoked a likelihood of violence or rose to the level of constitutionally protected speech, was the level of proof required to sustain a conviction under the harassment statute (Penal Law § 240.25, the predecessor to Penal Law § 240.26). The defendant in the instant case appears to have confused the level of proof needed to prove a case *469 beyond a reasonable doubt with the level of proof needed to establish a prima facie case in an accusatory instrument.
The quantum of evidence which must be pleaded in an information is distinguishable from that which must be proven at trial. CPL 100.15 (3) requires that the factual portion of an accusatory instrument contain evidentiary facts supporting or tending to support the charges in the accusatory portion of the instrument. Further, these evidentiary facts must provide reasonable cause to believe that the defendant committed the offenses charged. (See People v Dumas, 68 NY2d 729; CPL 100.40 [1] [b], [c].) The totality of the allegations must demonstrate reasonable cause to believe that the defendant committed a crime (CPL 70.10 [2]) and must also recite a legally sufficient or prima facie case to support that belief (see CPL 70.10 ). An information which fails to contain nonhearsay allegations establishing “if true, every element of the offense charged and the defendant’s commission thereof’ (see CPL 100.40 [1] [c]) is fatally defective. (See People v Alejandro, 70 NY2d 133.) “ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed” (see CPL 70.10 ). “Legally sufficient evidence,” also known as a prima facie case, “means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (see CPL 70.10 [1]). The instant information must be analyzed in terms of whether the elements of each offense charged have been established by non-hearsay allegations.
Peter Preiser, in his Practice Commentaries to CPL 70.10, states the “issue of legal sufficiency is separate and apart from evaluation of whether the evidence is convincing and whether it is outweighed by defendant’s evidence. Thus evidence may be ‘legally sufficient’, but inadequate to prove guilt ‘beyond a reasonable doubt’ or even to provide ‘reasonable cause to believe’ the defendant committed the offense.” (Preiser, Practice Commentaries, McKinney’s Cons Law of NY, Book 11 A, CPL 70.10, at 177.) In the instant case, it may well be that the trier of fact eventually determines that this defendant’s words do not rise to the level of speech which creates an imminent danger of violence. The defendant’s argument, however, has been raised both prematurely and in an improper context. The *470 immediate issue is whether the accusatory instrument establishes a prima facie case that this defendant committed the crimes and offenses charged.
We will now examine whether the information is facially sufficient as to each of these charges. The defendant argues that the charge of harassment in the second degree (Penal Law § 240.26 [1]), a violation, should be dismissed because the factual allegations fail to set forth that the complainant is the intended target of the threat. Penal Law § 240.26 (1) states:
“A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:
“1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts to threaten to do the same.” (Emphasis supplied.)
The statute’s use of the words “such other person” evinces a legislative intent that the recipient of the threat and the target of the threat be one and the same individual. The statutory language suggests that even if the defendant possessed the requisite mens rea, meaning that he intended to harass, annoy or alarm Ms. Baker at the time that he made the threats, that the factual allegations in the accusatory instrument will not support this charge unless it is set forth that Ms. Baker herself was threatened. Since this was not alleged, all of the elements of harassment in the second degree have not been established, and accordingly the charge of Penal Law § 240.26 (1) is hereby dismissed.
Conversely, but by way of the same analysis, it need not be alleged that the recipient of a threat and the target of a threat are one and the same person, in order to support a charge of aggravated harassment in the second degree (Penal Law § 240.30 [1]). This statute reads as follows:
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:
“1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously, or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm” (emphasis supplied).
The statute’s use of the words “another person” in the opening paragraph and the use of words “a person” referred to in subdivision (1) evinces a legislative intent that the subject of the communication need not be the same person to whom the *471 communication is made. (See People v McKay, 140 Misc 2d 696 [Nassau Dist Ct 1988].)
The defendant challenges the sufficiency of the charge of aggravated harassment in the second degree because the information does not set forth that the defendant made a specific threat or a communication tending to incite an immediate breach of the peace. The defendant contends that no defendant in a reported New York case has ever been charged with threatening a class or group of people. The defendant contends that his threat to shoot “judges * * * lawyers * * * [and] some people” is too vague and broad to serve as the basis of a prosecution for aggravated harassment in the second degree. This court disagrees. The statutory language does not set forth that the target of the threat must be identified or specified. Furthermore, there is nothing in the statute which indicates that the threatening communication must be directed at anyone in particular. McKay .(supra, at 698) discussed the statute’s legislative history and further noted that the “statute is not limited to threats to commit a crime but proscribes all communication made in a manner likely to cause annoyance or alarm.” In this case, the misdemeanor complaint set forth in sum and substance that the defendant made a telephone call which was received by Rosemary Baker, and that during the conversation the defendant made threats targeted to third persons causing Ms. Baker to be annoyed and alarmed. The key elements of the crime are that a defendant, with the intent of harassing, annoying, threatening or alarming someone, sends a communication in a manner likely to cause annoyance. Whether the communication satisfies these elements is an issue for the trier of fact and cannot be ascertained at the pleading level. When the People filed a supporting deposition from Rosemary Baker, which attested that she had read the allegations in the complaint and knew them to be true, a prima facie case of aggravated harassment in the second degree was established.
Lastly, the defendant argues that the information fails to state a violation of Penal Law § 240.30 (2) in that the information by its own terms alleges that the telephone call he made was for the purpose of legitimate communication. Penal Law § 240.30 (2) reads as follows:
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:
*472 “2. Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.” (Emphasis supplied.)
The defendant states that he called the New York State Child Abuse Reports Registry to complain that his estranged wife was denying him visitation with his children. The defendant urges that these circumstances confer a legitimacy of purpose on his communication, presumably to express his anger and frustration with the situation and to seek the Registry’s assistance in addressing his grievance. These circumstances are extraneous to the factual allegations contained in the instant information and may ultimately serve to explain or exonerate the defendant’s conduct during the telephone call to the trier of fact. Black’s Law Dictionary (912 [7th ed 1999]) defines the word “legitimate” as follows: “Complying with the law; lawful.” For jurisdictional sufficiency purposes it can hardly be contended that a phone call during which the caller threatened criminal behavior should .be considered a phone call with a legitimate purpose. This court finds that if an information sets forth that a defendant placed a phone call during which he threatened to kill or to shoot people then that will establish a prima facie violation of subdivision (2) of Penal Law § 240.30. Furthermore, if this court were to subscribe to the defendant’s argument that the phone call served a legitimate purpose then the issue of whether a communication was in fact legitimate would call for a subjective judgment as to what was in the caller’s mind. There is nothing in the statute which sets forth that the caller’s state of mind is an element of the offense. Accordingly, the defendant’s motion to dismiss the charge of Penal Law § 240.30 (2) is denied.
To summarize, the defendant’s motion to dismiss the entire information predicated upon his argument that it impinges on his constitutionally protected right to free speech is denied. Whether or not the defendant’s threats rise to this level is an issue for the trier of fact and cannot be ascertained at the pleading level. The defendant’s motion to dismiss the violation charge of harassment in the second degree (Penal Law § 240.26) is granted since the factual allegations fail to set forth an essential element of this offense, namely that the complainant was the target of the threat. The defendant’s motion to dismiss the charge of aggravated harassment in the second degree under subdivision (1) (Penal Law § 240.30 [1]), a class A misdemeanor, is denied for the reason that there is no statutory requirement that the target of the threat be specified *473 or identified. The defendant’s motion to dismiss the charge of aggravated harassment in the second degree under subdivision (2) (Penal Law § 240.30 [2]) is denied because when nonhearsay allegations set forth that a caller has threatened criminal behavior that communication is inherently illegitimate for the purposes of facial sufficiency.