OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously modified on the law by reversing defendant’s conviction of aggravated harassment in the second degree (Penal Law § 240.30 [2]) and dismissing that part of the accusatory instrument charging him with said crime; as so modified, affirmed.
On appeal, defendant raises issues regarding the sufficiency of the accusatory instrument, insofar as it charged him with aggravated harassment in the second degree (Penal Law § 240.30 [2]), and the trial court’s charge to the jury. A person is guilty of violating Penal Law § 240.30 (2) when, with intent to harass, annoy, threaten or alarm another person, he or she “[mjakes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.” While the Court of Appeals, in People v Casey (95 NY2d 354 [2000]), found that hearsay pleading defects of an information are waivable, it did not dilute the statutory requirement that the allegations of the factual part of the information, and/or any supporting depositions, establish, if true, every element of the offense(s) charged and the defendant’s commission thereof (see CPL 100.40 [1]).
An element of Penal Law § 240.30 (2) is that the telephone call had “no purpose of legitimate communication” (see People v Shack, 86 NY2d 529, 539 [1995]), and the mere recitation, in the accusatory instrument, of defendant’s threat to the complainants does not establish such element. This is so, notwithstanding the fact that a determination that a telephone call had “no purpose of legitimate communication” may involve subjective analysis (see e.g. Shack, 86 NY2d at 538). Accordingly, inasmuch as the failure to allege the foregoing in the accusatory instrument is a nonwaivable jurisdictional defect (see People v Alejandro, 70 NY2d 133, 135-136 [1987]), that part of the judgment convicting defendant of aggravated harassment in the second degree is reversed and the count of the accusatory instrument relating to said charge is dismissed.
Defendant’s remaining contentions lack merit or are unpreserved for appellate review (see CPL 470.05).
Aronin, J.R, Patterson and Golia, JJ, concur.