THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL M. FEELEY, Appellant. [807 NYS2d 754]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 7, 2004. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and aggravated harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]) and aggravated harassment in the second degree (§ 240.30 [1]) arising from evidence that he, inter alia, left an anonymous telephone message in which he threatened physical harm to the complainant in violation of an order of protection. We reject the contention of defendant that he was denied effective assistance of counsel because defense counsel did not present expert voice identification testimony that would have exonerated him. Defendant failed to demonstrate that any such expert voice identification testimony would have been favorable to him and thus has failed to demonstrate that he was

prejudiced by the alleged failure of defense counsel to present such testimony (*see generally People v Clark*, 6 AD3d 1066 [2004], *lv denied* 3 NY3d 638 [2004]; *People v Jurgensen*, 288 AD2d 937, 938 [2001], *lv denied* 97 NY2d 684 [2001]). Defendant failed to preserve for our review his remaining contention that the conviction of aggravated harassment is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the evidence is legally sufficient to establish that the anonymous telephone message left by defendant was "likely to cause annoyance or alarm" (Penal Law § 240.30 [1] [a]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.