*261 OPINION OF THE COURT
Miriam R. Best, J.
Defendant is charged with stalking in the fourth degree (Penal Law § 120.45 [1]), criminal contempt in the second degree (Penal Law § 215.50 [3]), and two counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]; [2]). He now moves this court to dismiss the counts of aggravated harassment as facially insufficient, pursuant to CPL 170.30 (1). For the reasons that follow, the court holds that the charge of Penal Law § 240.30 (2) is legally insufficient. The motion is denied in all other respects.
The Parties’ Contentions
The People allege that on or about and between December 28, 2007, at approximately 12:00 a.m., and February 1, 2008, at 12:00 a.m., at 138 East 55th Street, in Kings County, defendant repeatedly waited outside Karen Simeon’s apartment building and repeatedly threatened her, by yelling, cursing and verbally threatening her, stating, in sum and substance, that he would get his goons to beat her up. As a result of defendant’s actions and statements, Ms. Simeon feared physical injury and became alarmed and annoyed.[1]
The People further allege that on or about April 6, 2008, at approximately 12:30 p.m., at 138 East 55th Street, in Kings County, Ms. Simeon discovered that the driver’s side of her vehicle had been scratched. When she had parked and locked the car in front of her apartment building the previous evening, the car was undamaged. Defendant allegedly called Ms. Simeon on April 6th and left a message on her answering machine, stating, in sum and substance, that he knew she believed that he had scratched her vehicle, but that he did not do it. This contact allegedly violated a full order of protection that had been issued by this court on March 25, 2008 and that was still in effect. It also caused Ms. Simeon to become alarmed and annoyed.[2]
Defendant’s argument pertains only to the incident alleged to have occurred on April 6, 2008. He argues that the charges of *262 aggravated harassment in the second degree are legally insufficient, because his telephone call had the legitimate purpose of denying his involvement in damaging Ms. Simeon’s car, and because the message he left could not have caused annoyance or alarm.
The People respond that because the court had issued an order of protection, based on a stalking in the fourth degree charge, which prohibited defendant from contacting Ms. Simeon, a single telephone call from him, in which he made clear that he was aware of expensive damage done to Ms. Simeon’s car, provided reasonable grounds for her to be annoyed and alarmed. The People argue that whether Ms. Simeon was in fact alarmed and annoyed remains an issue for trial. Finally, the People assert that a telephone call made in violation of the order of protection serves no legitimate purpose, absent a medical emergency to a family member.
Analysis
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10.) These facts must be supported by nonhearsay allegations which, if true, establish every element of the offense. (CPL 100.40 [1] [c].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133, 136-137 [1987]; People v Dumas, 68 NY2d 729 [1986].) “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000] [citations omitted].) The facts alleged in the accusatory instrument need not rise to the level of establishing guilt beyond a reasonable doubt. (People v Limage, 19 Misc 3d 395, 396-397 [Crim Ct, Kings County 2008].)
Pursuant to Penal Law § 240.30:
“A person is guilty of harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:
“1. . . . (a) communicates with a person, anonymously or otherwise, by telephone . . . in a manner likely to cause annoyance or alarm; or . . .
*263 “2. Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication. ’ ’
Mindful of protecting the constitutional right to freedom of speech guaranteed by the federal and state constitutions, courts of this state have upheld Penal Law § 240.30 to the extent that it proscribes conduct — either speech constituting a genuine threat or telephonic communication which infringes on a recognized privacy interest. (Penal Law § 240.30 [1], [2]; see People v Little, 14 Misc 3d 70, 72 [App Term, 2d & 11th Jud Dists 2006], lv denied 8 NY3d 924 [2007]; People v Goldstein, 196 Misc 2d 741, 745 [App Term, 2d Dept 2003].) The aggravated harassment statute targets “communications made to an unwilling recipient wherein substantial privacy interests are invaded in an essentially intolerable manner.” (People v Limage, 19 Misc 3d at 397 [internal quotation marks omitted], quoting People v Little, 14 Misc 3d at 72.) Both subdivisions (1) and (2) of the statute “require a showing of defendant’s intent to ‘harass, annoy, threaten or alarm.’ Thus, they exclude from the statute’s ambit speech which is merely unpleasant to the recipient.” (People v Goldstein, 196 Misc 2d at 747.)
Threats of physical violence which are likely to cause alarm or annoyance to the recipient fall within the type of speech which may be constitutionally proscribed. (People v Hernandez, 7 Misc 3d 857, 860 [Crim Ct, NY County 2005]; People v Tiffany, 186 Misc 2d 917 [Crim Ct, NY County 2001].) “A genuine threat is one that is serious, should reasonably have been taken to be serious, or was confirmed by other words or conduct.” (People v Hernandez, 7 Misc 3d at 860, citing People v Dietze, 75 NY2d 47 [1989].) But the complaint need not allege that defendant communicated a physical threat to violate Penal Law § 240.30 (1). (People v Little, 14 Misc 3d at 72-73 [numerous phone calls in which defendant told complainant he would take her child and ruin her financially]; People v Smith, 89 Misc 2d 789, 791 [App Term, 2d Dept 1977] [“even if, as here, the content of the communication is unobjectionable, a violation of subdivision 1 will occur if the communication is directed to an unwilling listener under circumstances wherein ‘substantial privacy interests are being invaded in an essentially intolerable manner’ ”], cert denied 434 US 920 [1977]; People v Shropshire, 181 Misc 2d 77, 80, 82 [Crim Ct, Richmond County 1999] [telephone numbers and “911” beeped to complainant’s beeper].)
The accusatory instrument here contains sufficient allegations which, if true, establish that defendant violated Penal Law § 240.30 (1) (a) by using the telephone to communicate with the *264 complainant in a manner likely to cause annoyance or alarm. The allegation that defendant left a telephone message for the complainant, after the issuance of an order of protection forbidding him from communicating with her in any way at all, sufficiently alleges that defendant engaged in unwanted communication directed at Ms. Simeon. (See People v Paes, 17 Misc 3d 1120[A], 2007 NY Slip Op 52091[U],*2 [Crim Ct, NY County 2007] [complaint sufficiently alleged that defendant intended to harass, annoy, threaten and alarm complainant by mailing him three letters with disturbing content and nude photos, even after complainant told him to stop]; cf. People v Rodriguez, 19 Misc 3d 830 [Crim Ct, Kings County 2008] [charges of aggravated harassment legally insufficient, where messages only evidenced defendant’s intent to declare his love for complainant, and People did not allege that complainant tried to block messages or ask defendant to stop sending them]; People v Franco, 15 Misc 3d 1136[A], 2007 NY Slip Op 51011[U] [Crim Ct, NY County 2007] [dismissing information charging aggravated harassment, where People did not allege that, after receipt of first letter, defendant was told not to contact complainant further].) The existence of the order of protection, which was issued based on an allegation that defendant was stalking the complainant, established prima facie that Ms. Simeon had a privacy interest in not receiving any communications from defendant, irrespective of their content.[3]
While the content of the message which defendant allegedly left on the complainant’s telephone answering machine may seem innocuous, defendant’s intent to harass, annoy or alarm *265 may be readily inferred from his pattern of conduct toward her. (People v Chandler, 20 Misc 3d 139[A], 2008 NY Slip Op 51577[U] [App Term, 1st Dept 2008].) As the People correctly argue, even a single telephone call may constitute harassment if made with the intent to cause the listener annoyance and alarm. (People v Shack, 86 NY2d 529, 541 [1995] [Penal Law § 240.30 (2) imposes criminal liability for a single telephone call if made with the requisite intent and lack of legitimate purpose]; People v Goldstein, 196 Misc 2d at 747 [“contrary to defendant’s contention, repetition of the offending act is not required”]; People v Olivio, 6 Misc 3d 1034[A], 2005 NY Slip Op 50300[U] [Crim Ct, NY County 2005] [whether threat made in single call constituted a true threat under Penal Law § 240.30 (1) remains an issue of fact to be determined at trial].) Crucial to this court’s determination is the fact that defendant is also charged with unlawfully stalking Ms. Simeon. Typically, a stalker’s goal is to remind the victim frequently of his continuing presence in her life by engaging in seemingly inconsequential acts and communications. (Andy Newman, Stalked: A Decade on the Run, New York Times, July 31, 2008, section G, at 1, col 1; see People v Stuart, 100 NY2d 412, 417 [2003] [Legislature enacted anti-stalking statute because of the “ ‘unfortunate reality ( ) that stalking victims have been intolerably forced to live in fear of their stalkers’ and that ‘(s)talkers who repeatedly follow, phone, write, confront, threaten or otherwise unacceptably intrude upon their victims, often inflict immeasurable emotional and physical harm upon them’ ”].) From the perspective of a stalking victim, any communication from the stalker may cause annoyance and alarm, by demonstrating that the stalker continued to watch the complainant’s activities and wanted her to know it. (See People v Chandler, 2008 NY Slip Op 51577[U], *1, supra [evidence was legally sufficient to support convictions for stalking in the fourth degree and aggravated harassment; defendant’s letter to complainants, stating in part that “the devil is not going to win” and that defendant would “let God treat you with severity” constituted aggravated harassment when “(r)ead against the backdrop of defendant’s campaign of threats and intimidation”].)[4]
Accordingly, the allegation that defendant left a telephone message, in violation of an order of protection, demonstrating *266 that he was aware that the complainant’s car had been damaged, when viewed in the context of the stalking charge, sufficiently alleges that the call invaded the complainant’s privacy with an intent to annoy and alarm her. The motion to dismiss the charge of Penal Law § 240.30 (1) (a) is therefore denied.
However, the court is constrained to hold that the accusatory instrument is facially insufficient with respect to the charge arising under Penal Law § 240.30 (2). The factual portion of the complaint does not allege that defendant’s telephone call to Ms. Simeon was made with “no purpose of legitimate communication” (Penal Law § 240.30 [2]). In People v Singh (1 Misc 3d 73 [App Term, 2d Dept 2003]), the court reversed the defendant’s conviction under Penal Law § 240.30 (2), holding that the accusatory instrument’s failure to allege that the telephone call had no legitimate purpose was a nonwaivable jurisdictional defect. The court explained that
“[a]n element of Penal Law 240.30 (2) is that the telephone call had ‘no purpose of legitimate communication’ (see People v Shack, 86 NY2d 529, 539 [1995]), and the mere recitation, in the accusatory instrument, of defendant’s threat to the complainants does not establish such element. This is so, notwithstanding the fact that a determination that a telephone call had ‘no purpose of legitimate communication’ may involve subjective analysis (see e.g. Shack, 86 NY2d at 538).” (1 Misc 3d at 74.)[5]
Conclusion
For the reasons set forth above, the complaint sufficiently alleges that defendant violated Penal Law § 240.30 (1), but insufficiently alleges that he violated Penal Law § 240.30 (2). Dismissal, however, would not be an appropriate remedy where, as here, the People may be able to amend or supersede. (See CPL *267 170.35 [1]; 140.45, 100.50; People v Cobb, 2 Misc 3d 237, 246 [Crim Ct, Queens County 2003]; People v Gonzalez, 184 Misc 2d 262, 264 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000].) Therefore, the People may, if they wish, move to amend or otherwise cure the defect in the charging instrument within the applicable speedy trial period.[6]

. Defendant was also originally charged with unlawful possession of marihuana and harassment in the second degree arising out of his actions on February 1, 2008, but those charges have been dismissed under CPL 30.30.

. The stalking and aggravated harassment charges were originally contained in two separate complaints. On May 27, 2008, this court granted the People’s motion to consolidate the charges under docket No. 2008KN008882.

. The People served and filed a certified copy of the order of protection in this case on May 5, 2008. That document clearly showed that defendant had been ordered to stay away from Ms. Simeon and not to communicate with or contact her by mail, telephone, e-mail, voice mail or other means. It also clearly showed that defendant was advised of the issuance of the order of protection in court, received it, and signed it. Thus, this case is unlike People v Weiss (17 Misc 3d 6, 8-9 [App Term, 9th & 10th Jud Dists 2007]), where the court declined to decide whether a communication in violation of an order of protection would prima facie establish the element of calling “with no purpose of legitimate communication.” There, the order of protection was unsigned by Weiss, the date and time of its purported service on him were left blank, and the People did not serve and file a certified copy of it. Nor does People v Taylor (2002 NY Slip Op 50021[U] [App Term, 1st Dept 2002]) require dismissal here, because the evidence in that case did not explain why the complainant had obtained an order of protection, and apparently it did not forbid all communication with her. Moreover, to the extent that Taylor’s intent in calling the complainant could be ascertained, it was to discuss their infant daughter, which the court held would clearly have a legitimate purpose absent abusive or threatening comments.

. Moreover, because of the stalking charge here, this case does not stand for the proposition that any time a defendant telephones or otherwise communicates with a complaining witness in violation of an order of protection, *266 the defendant has committed the crime of aggravated harassment in the second degree.

. Defendant’s claim that his telephone call had a legitimate purpose of denying his involvement in damaging Ms. Simeon’s car would not require dismissal of this count. Rather, it would be for the trier of fact to decide whether defendant’s unsolicited call, made in violation of an order of protection, was made with a purpose of legitimate communication.

. Although the People previously conceded a GPL 30.30 violation as to two counts in the original complaint, it appears that the People have not exceeded their speedy trial time on the aggravated harassment counts. (People v Brooks, 190 Misc 2d 247, 250 [App Term, 1st Dept 2001] [appropriate to give individual speedy trial treatment to each count of accusatory instrument].)