OPINION OF THE COURT
Robert D. Kalish, J.
Upon the submitted papers, the defendant’s motion to dismiss the underlying matter as facially insufficient is granted to the extent as follows:
Procedural History
In the instant action, the defendant is accused of violating Penal Law § 240.30 (1) (a) — aggravated harassment in the second degree (class A misdemeanor); Penal Law § 240.30 (1) (b) — aggravated harassment in the second degree (class A misdemeanor); Penal Law § 240.30 (2) — aggravated harassment in the second degree (class A misdemeanor); and Penal Law § 240.26 (1) — harassment in the second degree (violation) stemming from repeated phone calls that the defendant allegedly made to the complainant on or about and between January 1, 2010 at 12:00 a.m. and February 9, 2010 at 10:30 a.m. at a location in the County of Kings. The People further alleged in the misdemeanor information that on February 9, 2010, at approximately 10:15 a.m., the defendant called the complainant, stating, in sum and substance, I am on my way over there and that moments later the defendant appeared outside of the complainant’s apartment building.
Analysis
Defendant moves to dismiss the People’s misdemeanor information for facial insufficiency. Defendant’s counsel argues in the memorandum of law that the People’s misdemeanor information is facially insufficient because the misdemeanor information
-fails to allege that the defendant had any communications with the complainant,
-fails to allege that the defendant made any specific threat to the complainant,
*485 -fails to allege that the defendant had the requisite intent to harass, annoy, threaten or alarm the complainant,
-fails to allege that defendant did not have a legitimate purpose in making a telephone call to the complainant; and
-fails to allege that the defendant struck, shoved, kicked, or otherwise subjected the complainant to physical contact or attempted or threatened to do so.
In opposition, the People concede that the misdemeanor information is facially insufficient as to the charge of Penal Law § 240.26 (1) — harassment in the second degree. However, the People argue that the misdemeanor information meets the requirements of CPL 100.40 and is facially sufficient as to the three charges of aggravated harassment in the second degree pursuant to Penal Law § 240.30 (1) (a), (b) and (2). In his reply papers, the defendant reiterates the arguments presented in the moving papers, and further argues that the court should not consider the People’s allegation in their opposition papers that the defendant left messages on the complainant’s phone, which was not alleged in the misdemeanor information.
Standard for Facial Sufficiency
In order to be facially sufficient, a misdemeanor information must meet three requirements. First, it must substantially conform to the formal requirements of CPL 100.15. That is, “[t]he factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]; 100.40 [1] [a]). Next, “[t]he allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information” (CPL 100.40 [1] [b]). Finally, the nonhearsay factual allegations, made in the information and supporting depositions, must be of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1] [c]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).[1]
*486 In determining whether an information is facially sufficient, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefore be sufficiently alleged that a defendant may prepare for trial and avoid retrial for the same offense” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005], lv denied 4 NY3d 857 [2005]). Where said requirements are met, the People’s information “should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) Ultimately, “[i]n assessing the facial sufficiency of an information, the court must consider whether both the alleged facts and the reasonable inferences to be drawn from those facts, viewed in the light most favorable to the People, would, if true, establish every element of the crime charged” (People v Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U], *2 [Crim Ct, NY County 2008]; see also People v Jennings, 69 NY2d 103, 114 [1986]; CPL 170.45).
The Court of Appeals has stated that “[p]aragraphs (b) and (c) of CPL 100.40 (1), read in conjunction, place the burden on the People to make out their prima facie case for the offense charged in the text of the information” (People v Jones, 9 NY3d 259, 261 [2007]). The Court of Appeals has also stated that the People’s prima facie burden “ ‘is not the same as the burden of proof beyond a reasonable doubt required at trial’, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial” (People v Kalin, 12 NY3d 225, 230 [2009], citing People v Henderson, 92 NY2d 677, 680 [1999]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.40, at 388).
The factual portion of the People’s misdemeanor information reads in relevant part as follows:
“The Deponent [paralegal Ashley Savage] is informed by Kristina A Greaves that at the above time *487 and place [on or about and between January 1, 2010 at 12:00 a.m. and February 9, 2010 at 10:30 a.m. at a location in the County of Kings] the Defendant did repeatedly call Informant on Informant’s telephone
“The Deponent is further informed by Informant that on 2/9/10 at approximately 10:15 a.m. at the above location, the Defendant called Informant on Informant’s telephone stating, in sum and substance, I am on my way over there, and that moments later Informant observed Defendant standing outside of Informant’s apartment building.
“The Deponent is further informed by Informant that the Informant recognized the voice and number on the telephone to be the voice and number of the Defendant.
“The Deponent is further informed by the Informant that the above described actions caused Informant to become alarmed and annoyed.”
As such, the factual portion of the People’s misdemeanor information consists of the allegation that the defendant repeatedly called the complainant between January 1 and February 9, 2010, and specifically describes the defendant’s statement to the complainant during the call that occurred on February 9, 2010. Penal Law § 240.30 reads as follows:
“§ 240.30. Aggravated harassment in the second degree
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:
“1. Either (a) communicates with a person, anonymously or otherwise, by telephone, by telegraph, or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm; or
“(b) causes a communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise, by telephone, by telegraph, or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm; or
“2. Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication. ’ ’
*488 Penal Law § 240.30 (1) (a) and (b) only apply to instances where a communication was made by the defendant to the complainant
The People argue in their opposition papers that their factual allegations that the defendant repeatedly called the complaining witness and that said calls caused the complaining witness “to become alarmed and annoyed” are facially sufficient to make out the two charges of aggravated harassment pursuant to Penal Law § 240.30 (1) (a) and (b). In support of said argument, the People cite to People v Singh (187 Misc 2d 465 [Crim Ct, Kings County 2001]) and People v McKay (140 Misc 2d 696 [Nassau Dist Ct 1988]), which both stand for the principle that Penal Law § 240.30 (1)
“is not limited to threats to commit a crime but proscribes all communication made in a manner likely to cause annoyance or alarm . . . The key elements of the crime are that a defendant, with the intent of harassing, annoying, threatening or alarming someone, sends a communication in a manner likely to cause annoyance” (People v Singh at 471).
However, the People’s argument ignores the fact that Penal Law § 240.30 (1) (a) and (b) specifically require that the defendant either communicated with the complainant (Penal Law § 240.30 [1] [a]) or caused a communication to be initiated with the complainant (Penal Law § 240.30 [1] [b]).
Penal Law § 240.30 (1) and (2) address two different forms of telephonic harassment. By its statutory language, Penal Law § 240.30 (1) (a) requires that the defendant “communicates with a person” and paragraph (b) requires that a defendant “cause[ ] a communication to be initiated.” In contrast, Penal Law § 240.30 (2) only requires that the defendant “[m]akes a telephone call, whether or not a conversation ensues.” “A comparison of the two subdivisions makes clear that subdivision (1) contemplates harassment stemming from a communication whereas . . . subdivision (2) contemplates harassment stemming from the act of telephoning.” (People v Shropshire, 181 Misc 2d 77, 80 [Crim Ct, Richmond County 1999], quoting People v Portnoy, 158 Misc 2d 60, 63 [Crim Ct, Kings County 1993].) Applying said reasoning, the court in People v Shropshire found that Penal Law § 240.30 (1) “has as a sine qua non a completed phone call in which ‘the defendant utter[s] words or otherwise communicate [s] in a manner likely to cause annoyance or alarm.’ ” (People v Shropshire at 80, citing People v Rusciano, *489 171 Misc 2d 908 [Just Ct of Town of Eastchester, Westchester County 1997].) Said “communication” requirement is satisfied by direct communications, messages left on answering machines and/or text messages (see People v Miguez, 147 Misc 2d 482 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992]; People v Feeley, 23 AD3d 1130 [4th Dept 2005]; People v Evans, 21 Misc 3d 260 [Crim Ct, Kings County 2008]; People v Granger, 19 Misc 3d 1129[A], 2008 NY Slip Op 50944[U] [Crim Ct, Kings County 2008]; People v Duran, 25 Misc 3d 1210[A], 2009 NY Slip Op 52020[U] [Crim Ct, NY County 2009]; People v Limage, 19 Misc 3d 395 [Crim Ct, Kings County 2008]; People v Yablov, 183 Misc 2d 880 [Crim Ct, NY County 2000]; People v Anderson, NYLJ, June 1, 1989, at 23, col 4 [Crim Ct, Bronx County]).
The court recognizes that although the specific statutory language of Penal Law § 240.30 (1) (a) specifically requires that a defendant “communicate[ ] with a person,” Penal Law § 240.30 (1) (b) only requires that the defendant “cause[ ] a communication to be initiated by mechanical or electronic means or otherwise with a person.” However, a review of the legislative intent of Penal Law § 240.30 (1) (b) shows that paragraph (b) was also not intended to apply to telephone calls wherein the defendant did not make a communication.
When first enacted, Penal Law § 240.30 (1) only dealt with people who communicated directly with other people. In 1969, Penal Law § 240.30 (1)
“was amended to add, in the alternative, liability for the person who ‘causes a communication to be initiated by mechanical or electronic means or otherwise’ . . . That amendment was ‘directed mainly to a mechanical or electronic commercial device which is attachable to a telephone and may be set to make repeated — and doubtlessly annoying— telephone calls of recordings to prospective customers without any further effort on the part of the promoter’ ” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 88).
In 2001 the Legislature amended Penal Law § 240.30 (1), dividing the statute into subdivision (1), paragraph (a), beginning with the word “communicates” and the second paragraph, (b), which begins with the phrase “causes a communication to be initiated.” Said amendment was made to “overrule case law *490 . . . which held that subdivision one did not apply where the defendant (although uttering words which were violative of the statute during a telephone conversation) neither initiated the telephone call to the complainant nor caused the complainant to make the call.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 88; see also People v Hernandez, 7 Misc 3d 857, 859 [Crim Ct, NY County 2005].)
The legislative memorandum reads:
“There are instances in which a person who does not ‘initiate’ a communication, becomes aggressive and utilizes the communication to harass the other party. Defense attorneys have exploited this ambiguity in existing law, resulting in judges dismissing harassment charges solely because the defendant did not ‘initiate’ the communication.” (NY Senate Mem in Support, 2001 McKinney’s Session Laws of NY, at 1558, quoted in People v Hernandez at 859.)
There is no indication from the original formulation of the language of Penal Law § 240.30 (1) (b) that the Legislature intended to remove the “communication” element of Penal Law § 240.30 (1). In the context of telephone calls, a communication “initiated by mechanical or electronic means” still requires that the defendant make an actual communication to the complainant via a completed phone call. Further, the 2001 amendment that created paragraph (b) was not made to remove the “communication” requirement, but to make the statute applicable to instances where communications occurred in telephone calls that were not initiated by the defendant. Throughout the statutory history of paragraph (b), there remained the same requirement that the defendant made a communication to the complainant. It is only in Penal Law § 240.30 (2) that the statute specifically criminalizes the making of “a telephone call, whether or not a conversation ensues” and not a defendant’s “communication. ’ ’
The “communication” element of Penal Law § 240.30 (1) (a) and (b) is further established upon examination of the courts’ treatment of Penal Law § 215.51 (b) (iii) and (iv) — criminal contempt in the first degree (class E felony), which include language almost identical to Penal Law § 240.30 (1) and (2). Penal Law § 215.51 (b) (iii) and (iv) state that a person is guilty of criminal contempt in the first degree when:
“(b) in violation of a duly served order of protection, or such order of which the defendant has actual *491 knowledge because he or she was present in court when such order was issued, or an order of protection issued by a court of competent jurisdiction in this or another state, territorial or tribal jurisdiction, he or she: . . .
“(iii) intentionally places or attempts to place a person for whose protection such order was issued in reasonable fear of physical injury, serious physical injury or death when he or she communicates or causes a communication to be initiated with such person by mechanical or electronic means or otherwise, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication; or
“(iv) with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, repeatedly makes telephone calls to such person, whether or not a conversation ensues, with no purpose of legitimate communication.”
Just as with Penal Law § 240.30, Penal Law § 215.51 (b) has a separate provision criminalizing communications (paragraph [iii]), and a separate provision criminalizing telephone calls, whether or not a conversation ensues (paragraph [iv]). In People v Calderon (173 Misc 2d 435, 438 [1997]) the Supreme Court for Kings County dismissed an indictment pursuant to Penal Law § 215.51 (b) (iii) stating that
“[t]he language of Penal Law § 215.51 (b) (iii) indicates that a person must have ‘ communicate [d] or cause [d] a communication to be initiated’ in order. to be guilty of criminal contempt in the first degree. There is no clause in the statute which, as in Penal Law § 215.51 (b) (iv), prohibits such telephone calls ‘whether or not a conversation ensues’. From the evidence adduced before the Grand Jury it appears that the defendant only made one call to the complainant on January 28 and that there was no communication since the complainant recognized the defendant’s phone number in her caller ID box and decided not to take the call. Hence, there was no legally sufficient evidence before the Grand Jury to establish that a violation of Penal Law § 215.51 (b) (iii).”
Applying said reasoning to Penal Law § 240.30 (1), in order to be facially sufficient on a charge of Penal Law § 240.30 (1), the People must allege that the defendant made some “communica *492 tion,” and said charge cannot be based solely upon the assertion that the defendant made repeated phone calls without alleging that some communication occurred.
Repeated phone calls may be the basis for charges of aggravated harassment pursuant to Penal Law § 240.30 (1) and (2j)
An accusatory instrument alleging repeated phone calls can be facially sufficient on a charge of Penal Law § 240.30 (1) if the factual allegations include some description of the defendant’s communication(s) to the complainant during the course of said calls. Said communications can be in the form of direct statements, phone message and/or text messages (see People v Feeley, 23 AD3d 1130 [4th Dept 2005]; People v Evans, 21 Misc 3d 260 [Crim Ct, Kings County 2008]; People v Limage, 19 Mise 3d 395 [Crim Ct, Kings County 2008]; People v Granger, 19 Misc 3d 1129[A], 2008 NY Slip Op 50944[U] [Crim Ct, Kings County 2008]; People v Duran, 25 Misc 3d 1210[A], 2009 NY Slip Op 52020[U] [Crim Ct, NY County 2009]). Even if the content of the alleged communication(s) appears innocuous, a violation of Penal Law § 240.30 (1) will occur if the communication was directed to an unwilling listener under circumstances wherein substantial privacy interests are being invaded in an essentially intolerable manner (see People v Shropshire, supra, citing People v Smith, 89 Misc 2d 789, 791 [App Term, 2d Dept 1977]; see also People v Evans, 21 Misc 3d 260 [Crim Ct, Kings County 2008], citing People v Chandler, 20 Misc 3d 139[A], 2008 NY Slip Op 51577[U] [App Term, 1st Dept 2008], lv denied 11 NY3d 854 [2008]).
A defendant’s intent may be inferred from the act itself, the defendant’s pattern of conduct and the circumstances surrounding an alleged act (see People v Bracey, 41 NY2d 296 [1977]; People v McGee, 204 AD2d 353 [2d Dept 1994], lv denied 84 NY2d 870 [1994]; People v Turner, 141 AD2d 878 [2d Dept 1988], lv denied 72 NY2d 962 [1988]; People v Chandler, 20 Misc 3d 139[A], 2008 NY Slip Op 51577[U] [App Term, 1st Dept 2008], lv denied 11 NY3d 854 [2008]; People v Johnson, 208 AD2d 1051 [1994], lv denied 85 NY2d 910 [1995]; People v Rodriguez, 19 Misc 3d 830 [Crim Ct, Kings County 2008]). Therefore, the allegation that a defendant made certain communication(s) during the course of repeated calls and/or messages may be sufficient to establish reasonable cause to believe that the defendant had the requisite intent to harass, annoy, threaten or alarm the complainant or, where the content of the communication is unobjectionable, that the communication(s) were directed *493 to an unwilling listener under circumstances wherein substantial privacy interests are being invaded in an intolerable manner (see People v Duran, 25 Misc 3d 1210[A], 2009 NY Slip Op 52020 [U] [Crim Ct, NY County 2009]; People v Granger, 19 Misc 3d 1129[A], 2008 NY Slip Op 50944[U] [Crim Ct, Kings County 2008]; People v Shropshire, supra, citing People v Smith, 89 Misc 2d 789, 791 [App Term, 2d Dept 1977]).
Factual allegations that the defendant made repeated phone calls to the complainant may also be facially sufficient as to Penal Law § 240.30 (2). Penal Law § 240.30 (2) does not require a conversation to ensue in order for the statute to be applicable. Penal Law § 240.30 (2) is primarily aimed at two types of telephone harassment: (1) driving a person to distraction by repeatedly dialing his number, and (2) tying up business lines with repeated calls (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 91, citing Staff Notes of Commn on Rev of Penal Law; see also People v Shropshire, 181 Misc 2d 77, 80 [1999]). Penal Law § 240.30 (2) specifically addresses harassment stemming from the act of telephoning without the communication element of Penal Law § 240.30 (1). Therefore, a factual allegation of repeated phone calls may be facially sufficient as to Penal Law § 240.30 (2) whether or not it is also alleged that defendant made any communication(s).
However, Penal Law § 240.30 (2) includes an additional element that the telephone call be made “with no purpose of legitimate communication” (see People v Singh, 1 Misc 3d 73, 74 [App Term, 2d Dept 2003]; see also People v Evans, 21 Misc 3d 260 [Crim Ct, Kings County 2008]). The ordinary understanding of the phrase “no purpose of legitimate communication” means “the absence of a reason or justification to engage someone, other than to hound, frighten, intimidate or threaten” (People v Stuart, 100 NY2d 412, 428 [2003]; see also People v Shack, 86 NY2d 529 [1995]). Therefore, although the People need not allege that the defendant made any communication(s), the People must allege facts to show that the defendant lacked any legitimate purpose in calling the complainant (see People v Hernandez, 7 Misc 3d 857, 862 [Crim Ct, NY County 2005], citing People v Singh, supra; People v Olivio, 6 Misc 3d 1034[A], 2005 NY Slip Op 50300[U] [Crim Ct, NY County 2005]; see also People v Stewart, 22 Misc 3d 131[A], 2009 NY Slip Op 50161[U] [App Term, 2d Dept 2009]). Further, the mere recitation, in the accusatory instrument, of the defendant’s threat to the *494 complainant does not establish said element (see People v Singh, 1 Misc 3d 73, 74 [App Term, 2d Dept 2003]; see also People v Evans, 21 Misc 3d 260 [Crim Ct, Kings County 2008]).
The court must evaluate the facial sufficiency of the People’s misdemeanor information based upon the factual allegations made therein, and not the factual allegations included in the People’s opposition papers.
It is fundamental that determinations of facial sufficiency are based upon a reading of the accusatory instrument (see People v Jones, 9 NY3d 259, 261 [2007]). Although the People indicate in their opposition papers that the defendant repeatedly left messages on the complainant’s telephone, the misdemeanor information does not allege that the defendant ever left any messages with the complaining witness on or between January 1 and February 9, 2010. Therefore, the court will evaluate the factual allegations made in the misdemeanor information, and not the factual allegations made in the People’s opposition papers.
For the reasons previously stated, the court rejects the People’s argument that the misdemeanor information is facially sufficient on the charges of Penal Law § 240.30 (1) (a) and (b), based solely upon the allegation that the defendant’s repeated calls caused the complainant to become alarmed and annoyed. As stated, charges under Penal Law § 240.30 (1) (a) and (b) require an allegation that the defendant made some communication (s). The only communication alleged in the misdemeanor complaint occurred on February 9, 2010 at approximately 10:15 a.m., wherein the defendant stated “in sum and substance, I am on my way over there.” The People further alleged that “moments later” the complainant observed the defendant outside of her apartment building. Therefore, the court must determine whether this one communication, given the alleged circumstances, is facially sufficient to make out the charges of Penal Law § 240.30 (1) (a) and (b).
To determine whether the misdemeanor information is facially sufficient as to the charges of Penal Law § 240.30 (1) (a) and (b), the court will evaluate the defendant’s alleged communication in the context of the facts alleged in the misdemeanor information to determine whether said communication constituted a genuine threat and/or that defendant’s communication was made to an unwilling listener, whose substantial privacy interests were being invaded in an essentially intolerable manner.
*495 The factual allegations in the misdemeanor information are facially insufficient to show that the defendant’s communication to the complainant constitutes a genuine threat.
Mindful of protecting the constitutional right to freedom of speech guaranteed by the Federal and State Constitutions, courts of this state have upheld Penal Law § 240.30 to the extent that it proscribes conduct — either speech constituting a genuine threat or telephonic communication which infringes on a recognized privacy interest (see People v Little, 14 Misc 3d 70, 72 [App Term, 2d & 11th Jud Dist 2006], lv denied 8 NY3d 924 [2007]; see also People v Goldstein, 196 Misc 2d 741, 745 [App Term, 2d Dept 2003]). The information need not allege that the defendant communicated a physical threat to the complainant to be facially sufficient on the charge-of Penal Law § 240.30 (1). “The gravamen of the crimes of aggravated harassment in the second degree is the invasion of someone’s private space via specified methods, most notably the telephone, and doing so with the intent to annoy, harass or alarm.” (People v Taylor, 19 Misc 3d 1114[A], 2008 NY Slip Op 50686[U], *2 [Crim Ct, Kings County 2008], citing People v Coyle, 186 Mise 2d 772 [Nassau Dist Ct 2000]; People v Hernandez, 7 Misc 3d 857 [Crim Ct, NY County 2005]; People v Bonitto, 4 Misc 3d 386 [Crim Ct, NY County 2004]; see also People v Goldstein, 196 Misc 2d at 747; People v Limage, 19 Misc 3d 395, 397 [Crim Ct, Kings County 2008].) Both subdivisions (1) and (2) of the statute “require a showing of defendant’s intent to ‘harass, annoy, threaten or alarm.’ Thus, they exclude from the statute’s ambit speech which is merely unpleasant to the recipient.” (People v Goldstein, 196 Misc 2d at 747; see also People v Mitchell, 24 Misc 3d 1249[A], 2009 NY Slip Op 51931[U] [Sup Ct, Bronx County 2009]; People v Evans, 21 Misc 3d 260, 263 [Crim Ct, Kings County 2008].)
“A genuine threat is one that is serious, should reasonably have been taken to be serious, or was confirmed by other words or conduct.” (People v Hernandez, 7 Misc 3d at 860, citing People v Dietze, 75 NY2d 47 [1989].) “True threats encompass those statements where the speaker means to communicate a serious expression of intent to commit an unlawful act of violence to a particular individual or group of individuals” and it must be shown that “an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury” (People v Mitchell, 24 Misc 3d 1249[A], 2009 NY Slip Op 51931[U], *3 [Sup Ct, Bronx County 2009], quoting People v *496 Olivia, 6 Misc 3d 1034[A], 2005 NY Slip Op 50300[U] [Crim Ct, NY County 2005]; Virginia v Black, 538 US 343, 359 [2003]; see also People v Bonitto, 4 Misc 3d 386 [Crim Ct, NY County 2004]). Whether or not the defendant’s communication to the complainant was a “true threat” rather than speech protected by the First Amendment is a threshold question of law for the court to determine. Said threshold question is different from the issue of whether a reasonable person would interpret the communication as a threat, which is to be determined by the jury at trial. (See People v Behlin, 21 Misc 3d 338 [Crim Ct, Kings County 2008], citing United States v Francis, 164 F3d 120 [2d Cir 1999]; see also People v Taylor, 19 Misc 3d 1114[A], 2008 NY Slip Op 50686[U] [Crim Ct, Kings County 2008]; People v Bonitto, 4 Misc 3d 386 [Crim Ct, NY County 2004].)
The court finds that the People’s allegations as to the substance of the defendant’s phone call on February 9, 2010 are facially insufficient to establish that the defendant made a genuine threat with the intent to annoy, threaten or alarm the complainant. The only description of the defendant’s communication to the complainant is that the defendant stated “in sum and substance, I am on my way over there” and that the complainant “moments later” observed the defendant standing outside of her apartment building. By its plain language, the defendant’s statement does not constitute a true threat to the complainant. Further, the allegation that the complainant later saw the defendant outside of her apartment building does not transform the defendant’s otherwise innocuous statement into a threat. In the absence of any further description of the defendant’s communication to the complainant and/or other relevant interactions between the two, the court does not find that the defendant’s communication of “I am on my way over there,” followed by his subsequent appearance outside of the complainant’s building constituted a clear, unambiguous, and immediate threat to the complainant. Further, said statement within the alleged context does not reflect the requisite intent to annoy, threaten or alarm, the complainant.
The factual allegations in the misdemeanor information are also facially insufficient to show that the defendant’s communication was made to an unwilling listener or that the complainant’s substantial privacy interests are being invaded in an essentially intolerable manner.
The court further finds that the People’s factual allegations are facially insufficient to show that the complainant was an *497 unwilling listener or that the defendant invaded the complainant’s substantial privacy interests. The People allege in the misdemeanor information that the defendant made repeated phone calls to the complainant, however they do not allege that the complainant ever told the defendant to stop calling her. Further, the misdemeanor information does not include any factual allegations as to the number of calls that the defendant made, the frequency of said calls or when the calls were specifically made. The only indication as to the frequency of the defendant’s calls is that repeated calls were made over the course of a month (January 1 to February 9, 2010). With no further description as to the nature of the calls and/or the complainant’s interactions with the defendant, the court does not find that the misdemeanor information is facially sufficient to show that the complainant was an unwilling listener and/or that the defendant invaded the complainant’s substantial privacy interests.
Accordingly, the court finds that the People’s misdemeanor information is facially insufficient as to the charges of aggravated harassment pursuant to Penal Law § 240.30 (1) (a) and (b).
The People’s misdemeanor information is facially insufficient as to the charge of aggravated harassment pursuant to Penal Law § 240.30 (2) since the People fail to allege that the defendant’s calls did not have any legitimate purpose.
As previously stated, to be facially sufficient on the charge of Penal Law § 240.30 (2), the misdemeanor information must allege facts to show that the defendant lacked any legitimate purpose in calling the complainant. In the instant case, the People failed to allege any additional facts to show that the defendant lacked any legitimate purpose in calling the complainant between January 1 and February 9, 2010. Further, the People do not allege in the information that the complainant ever told the defendant to stop calling her, the specific number of calls that the defendant allegedly made, the frequency of the defendant’s calls or when he specifically made said calls. Accordingly, the People’s information does not “allege facts showing, if true, that defendant’s subject telephone calls had no purpose of legitimate communication and, thus, said count is jurisdictionally defective.” (People v Stewart, 22 Misc 3d 131[A], 2009 NY Slip Op 50161[U], *2 [App Term, 2d Dept 2009], citing People v Singh, 1 Misc 3d 73, 74 [App Term, 2d Dept 2003].)
*498 Conclusion
For the reasons set forth, the court finds that the People’s misdemeanor information is facially insufficient as to all three charges of aggravated harassment in the second degree pursuant to Penal Law § 240.30 (1) (a), (b) and (2). Dismissal, however, would not be an appropriate remedy where, as here, the People may be able to amend or supercede (see CPL 170.35 [1]; 140.45, 100.50; People v. Gonzalez, 184 Misc 2d 262, 264 [App Term, 1st Dept 2000]; People v Cobb, 2 Misc 3d 237, 244-246 [Crim Ct, Queens County 2003]). Upon calculating all of the speedy trial periods applicable to this matter to date, the court finds that the People have not exceeded their statutory time period to bring the underlying action to trial. Therefore, the People may, if they so choose to, move to amend or otherwise cure the defects in the charging instrument within the remainder of the speedy trial period. Should the People not move to amend or otherwise cure the defects in the charging instrument within the remainder of the speedy trial period, the underlying matter shall be dismissed pursuant to CPL 170.35 for facial insufficiency of the misdemeanor information.

. Under CPL 100.40 (1)
“[a]n information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
*486 “(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”