# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**139**

**KA 05-01142**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TYRONE PRESCOTT, DEFENDANT-APPELLANT.

---

KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 7, 2005, which was affirmed by memorandum and order of this Court dated October 2, 2009 (66 AD3d 1357).  By order entered September 30, 2011 (87 AD3d 1413), this Court denied defendant's application for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, the memorandum and order of this Court dated October 2, 2009.  In an order dated May 7, 2013, the Court of Appeals reversed the order of this Court dated September 30, 2011, granted defendant's application for a writ of error coram nobis, vacated the memorandum and order of this Court dated October 2, 2009 and remitted the matter to this Court for a de novo determination (21 NY3d 925).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a nonjury verdict of gang assault in the first degree (Penal Law § 120.07) and assault in the first degree (§ 120.10 [1]).  We reject defendant's contention that he received ineffective assistance of counsel.  Defendant has failed to demonstrate " 'the absence of strategic or other legitimate explanations' " for the decisions of defense counsel to permit defendant to waive his right to a jury trial (*People v Caban*, 5 NY3d 143, 152; *see People v Boateng*, 246 AD2d 749, 749-750, *lv denied* 91 NY2d 970), and not to allow him to testify (*see People v Collins*, 85 AD3d 1678, 1679, *lv denied* 18 NY3d 993).  Defense counsel was not ineffective in failing to object to Supreme Court's decision to have defendant remain in handcuffs throughout the trial.  The court stated the reasons for its decision (*see People v Best*, 19 NY3d 739, 743-744; *People v Tucker*, 261 AD2d 877, 878, *lv denied* 94 NY2d 830), and we conclude that any objection by defense counsel would

have had little or no chance of success (*see People Gilpatrick*, 63 AD3d 1636, 1637, *lv denied* 13 NY3d 835).  Defense counsel was not ineffective for failing to call an expert witness to testify regarding the lack of blood found on defendant.  " 'Defendant has not demonstrated that such testimony was available, that it would have assisted the [court] in its determination or that he was prejudiced by its absence' " (*People v Kilbury*, 83 AD3d 1579, 1580, *lv denied* 17 NY3d 860; *see People v Feeley*, 23 AD3d 1130, 1130-1131, *lv denied* 6 NY3d 775).  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  The sentence is not unduly harsh or severe.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court