The People of the State of New York, Appellant,
against
Michael Lewis, Respondent.



Appeal by the People from an order of the Criminal Court of the City of New York, Kings County (Evelyn J. Laporte, J.), dated July 1, 2014. The order granted defendant's motion to dismiss a second superseding information, charging him with aggravated harassment in the second degree, stalking in the fourth degree, and two counts of harassment in the second degree, on the ground of facial insufficiency.




ORDERED that the order is reversed, on the law, defendant's motion to dismiss the second superseding information is denied, the second superseding information is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
On June 9, 2014, the People filed a second superseding information charging defendant with aggravated harassment in the second degree (Penal Law § 240.30 [2]), stalking in the fourth degree (Penal Law § 120.45 [1]), and two counts of harassment in the second degree (Penal Law § 240.26 [1], [3]). The information alleged the date, time, and details of each of 22 telephone messages defendant had left on the complainant's telephone answering machine. The first message was allegedly left by defendant at 1:42 p.m. on Saturday, February 22, 2014. The last message was allegedly left by defendant at 11:50 a.m. on Sunday, February 23, 2014. Defendant moved to dismiss the second superseding information on the ground of facial insufficiency. By order dated July 1, 2014, the Criminal Court granted the motion, and the People appeal. We reverse and deny defendant's motion.
The second superseding information sufficiently alleged that the messages defendant had left on the complainant's answering machine were made with "no purpose of legitimate communication" (see People v Shack, 86 NY2d 529, 539 [1995]). This court has held that "the mere recitation in the accusatory instrument that the telephone call[s] allegedly made by defendant to the complainant had no legitimate purpose of communication,' without providing a basis for such allegation, does not establish this element of" aggravated harassment in the second degree (People v Hargrove, 47 Misc 3d 136[A], 2015 NY Slip Op 50499[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see People v Singh, 1 Misc 3d 73 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). Here, however, the second superseding information alleged that defendant left a total of 22 messages on the complainant's answering machine during a period of less than 24 hours, including a message at 4:20 p.m. on Saturday, February 22, 2014, threatening to "slap the f*** out" of the complainant, and a message one minute later threatening to "slap the sh** out of" her if he caught her riding the A Train in the Jay Street-Metrotech area. Moreover, [*2]at 9:17 p.m. on February 22, 2014, defendant allegedly left a message stating that "[b]efore this is over with . . . somebody's gonna die. I just hope it's not you. Then again, it might be you." One minute later, at 9:18 p.m., defendant allegedly left a message stating that "[t]hey say death comes in three. I wonder who the three's gonna be? Who's gonna be first? You, . . .?"
Thus, several of the messages left by defendant constituted a "true threat," which is a statement meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals, and which an ordinary, reasonable recipient familiar with the context of the communications would interpret as a true threat of violence (see Virginia v Black, 538 US 343, 359 [2003]; People v Orr, 47 Misc 3d 1213[A], 2015 NY Slip Op 50568[U] [Crim Ct, NY County 2015]). By alleging the details of these messages, the second superseding information established, prima facie, the "no purpose of legitimate communication" element of aggravated harassment in the second degree (Penal Law § 240.30 [2]), as well as the nearly identical element of "no legitimate purpose" of stalking in the fourth degree (Penal Law § 120.45 [1]) and harassment in the second degree pursuant to Penal Law § 240.26 (3) (see People v Stuart, 100 NY2d 412, 428 [2003]). These messages contained no "expression of ideas or thoughts other than threats and/or intimidation or coercive utterances" (People v Shack, 86 NY2d at 538). 
To the extent defendant contends that all of the calls allegedly made by defendant had to be threatening in nature for the second superseding information to be facially sufficient, his claim is without merit (see People v Neco, 44 Misc 3d 1231[A], 2014 NY Slip Op 51395[U], *2-3 [Crim Ct, NY County 2014]).
Finally, the second superseding information contained sufficient factual allegations to support the count of harassment in the second degree pursuant to Penal Law § 240.26 (1) (see People v Bartkow, 96 NY2d 770 [2001]; cf. People v Shehabeldin, 39 Misc 3d 149[A], 2013 NY Slip Op 50942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order is reversed, defendant's motion to dismiss the second superseding information is denied, the second superseding information is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016